## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION**, on behalf of itself and all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00644-amb |
| **MARYLOU PEIXOTO**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC. and ALIGN CREDIT UNION**,<br><br>Defendants. | Case No. 3:26-CV-00658-amb |
| **JOHNA NIVENS**, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00659-amb |
| **LINDA KROUTTER**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.** | Case No.: 3:26-cv-00661-amb |

1

|   | Defendant. |   |
| --- | --- | --- |
| **KENNETH MEL S. DELIN**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00665-amb |

## MOTION TO CONSOLIDATE AND FOR
## <u>APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL</u>

Plaintiffs Bessemer System Federal Credit Union ("Bessemer FCU"), Marylou Peixoto, Johna Nivens, Linda Kroutter, and Kenneth Mel S. Delin (collectively, "Plaintiffs"), move this Court for: (1) an order, pursuant to Fed. R. Civ. P. 42(a), consolidating the above-captioned proposed class actions arising from a cybersecurity incident at TruStage Financial Group, Inc. ("TruStage," "Defendant" or "the Company"); creating separate tracks for the financial institution plaintiffs, which include credit unions such as Bessemer FCU and other credit unions or business entities (the "Financial Institution Track") and a consumer track for victims of the TruStage cybersecurity incident who are not financial institutions (the "Consumer Track"); (2) appointing, pursuant to Fed. R. Civ. P. 23(g), Interim Lead Class Counsel for each track—to wit, Lori G. Feldman of Hecht Partners LLP ("HP") and Charles J. Nerko of NERKO PLLC ("NERKO") as Proposed Interim Co-Lead Counsel for the Financial Institution Track, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP ("CCMS"), Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP ("EKSM"), Jonathan S. Mann of Pittman, Dutton, Hellums, Bradley & Mann, P.C. ("Pittman Dutton"), and Philip Krzeski of Chestnut Cambronne PA ("CC")

as Proposed Interim Co-Lead Counsel for the Consumer Track ("Proposed Interim Co-Lead Counsel").

## I.  BACKGROUND

Defendant is a financial service and insurance provider catering to credit unions and individual consumers. The Company provides business and operational insurance (including cybersecurity and risk management products), lending protection products (such as GAP for auto loans), employee benefit investment account platforms, consumer insurance, and cybersecurity protection to credit unions across the country through its Business Protections Solutions Suite of products. Defendant collects and requires its clients, including both credit unions and individual consumers, to provide highly sensitive and protected confidential information ranging from personal details to financial records ("Confidential Information").

On or around July 15, 2026, Defendant took its computer systems offline because of a malicious cybersecurity incident (the "Data Breach").  This brought TruStage's day-to-day operations to a virtual halt.  On information and belief, unauthorized third parties accessed Defendant's systems and compromised its customers' Confidential Information, impacting a yet-to-be-disclosed number of records belonging to credit unions and other financial institutions and consumers (the "Proposed Classes"). On information and belief, this number may be in the millions as TruStage represents that it "protects 42 million consumer relationships."[1] Reports from both credit unions and individual consumers indicate that the Data Breach has caused operational disruptions. As of this filing, Defendant's systems remain offline, and both sets of Proposed Classes remain unable to properly access TruStage's systems. Both tracks of Plaintiffs allege that

---

[1] https://www.trustage.com/about-us/financial-information/annual-report-2025/shining-stories.

they suffered various injuries because of Defendant's failure to employ appropriate safeguards to protect the Confidential Information of Plaintiffs and Class Members.

On July 17, 2026, Plaintiff Bessemer System Federal Credit Union filed its Class Action Complaint in the Western District of Wisconsin. *Bessemer System Federal Credit Union v. TruStage Financial Group, Inc.*, No. 3:26-cv-00644 (the "*Bessemer* Action"). On July 20, 2026, Plaintiff Marylou Peixoto filed the first-filed action on behalf of consumers arising out of the Data Breach: *Peixoto v. TruStage Financial Group, Inc.*, No. 3:26-cv-00658 (the "*Peixoto* Action"). On July 21, 2026, Plaintiffs Nivens and Kroutter filed their respective Class Action Complaints in the Western District of Wisconsin. *Johna Nivens v. TruStage Financial Group, Inc.*, No. 3:26-cv-00659 (the "*Nivens* Action"); *Linda Kroutter v. TruStage Financial Group, Inc.*, No. 3:26-cv-00661 (the "*Kroutter* Action"). On July 22, 2026, Plaintiff Kenneth Mel S. Delin filed his Class Action Complaint in the Western District of Wisconsin. *Kenneth Mel S. Delin v. TruStage Financial Group, Inc.*, No. 3:26-cv-00665 (the "*Delin* Action") (collectively, with *Bessemer*, *Peixoto*, *Nivens*, and *Kroutter*, the "Related Actions"). All five actions are currently assigned to United States Magistrate Judge Anita Marie Boor.

Plaintiffs now move this Court to consolidate the Related Actions and appoint the Proposed Interim Co-Lead Counsel to streamline the efficient prosecution of this litigation.

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"It is within the court's broad managerial discretion to prevent 'unnecessary duplication of effort in related cases' through consolidation or other means." *More v. Callahan*, No. 12-cv-905-bcc, 2014 WL 2890812, at *2 (W.D. Wis. 2014) (citing *SanDisk Corp. v. Phison Electronics Corp.*, 538 F.Supp.2d 1060, 1068 (W.D.Wis. 2008)). Courts applying Rule 42(a) balance "judicial economy concerns with any countervailing considerations." *One Wisconsin Institute, Inc. v. Thomsen*, No. 15-cv-324-jdp, 2020 WL 4887026, at *1 (W.D. Wis. 2020). Consolidation of the Related Actions is appropriate here because the complaints assert common factual allegations arising from the Data Breach.

The Related Actions each concern the same nucleus of facts as each case challenges TruStage's conduct surrounding the Data Breach. The complaints allege Plaintiffs and Class Members suffered harm because of TruStage's failure to properly secure and protect their Confidential Information. They also assert common causes of action against TruStage related to the same factual underpinnings involving the same Data Breach and seek similar relief in response to the same event. Additionally, all five complaints seek certification of overlapping class definitions. The *Bessemer* Action seeks certification of a class consisting of credit unions, including their members, that provided Confidential Information to TruStage and were impacted. The *Peixoto*, *Nivens, Kroutter*, and *Delin* Actions seek certification of similar, if not identical, classes consisting of U.S. individuals whose Confidential Information was compromised in the Data Breach.

Consolidation would promote judicial economy, efficiency, and convenience by avoiding unnecessary duplication of evidence and procedure, the risk of inconsistent adjudications, and many of the same witnesses testifying on common issues across all actions. Any potential risk of prejudice is outweighed by the risk of inconsistent adjudications. Plaintiffs and Defendant will

suffer very little prejudice, if any, by consolidating the Related Actions. All the Related Actions are at the same stage of litigation, will seek similar discovery, and will require the same responsive pleadings and trial preparation.

For the foregoing reasons, consolidation of the Related Actions will prevent duplicative discovery and inconsistent pretrial rulings and promote judicial economy and efficiency. Plaintiffs request that the Court consolidate the Related Actions under the docket number in the first filed case, No. 3:26-cv-00644, and under the title *In re: TruStage Data Incident Litigation*, and note that two separate litigation tracks will be established: (1) the Financial Institution Track and (2) the Consumer Track.

### B. The Court Should Appoint Proposed Interim Co-Lead Counsel.

Because the *Bessemer* Action was filed on behalf of other similarly situated credit unions, and the *Nivens*, *Kroutter*, and *Delin* Actions on behalf of similarly situated individual consumers, counsel for Plaintiffs requests the creation of two tracks (or groups) of plaintiffs: (1) the Financial Institution Track, and (2) the Consumer Track. Plaintiffs seek to appoint Lori G. Feldman of HP and Charles J. Nerko of NERKO as Interim Co-Lead Counsel for the Financial Institution Track, and Nickolas J. Hagman of Cafferty Clobes, Leigh S. Montgomery of EKSM, Jonathan S. Mann of Pittman Dutton, and Philip Krzeski of CC as Interim Co-Lead Counsel for the Consumer Track.

Rule 23(g) authorizes the Court to designate interim co-lead counsel to act on behalf of the putative class before the Court decides class certification. *See* Fed. R. Civ. P. 23(g)(3). Courts consider the same criteria applicable to the selection of class counsel when selecting interim counsel. *See In re Fire Apparatus Antitrust Litig.*, No. 26-MD-3178, 2026 WL 1662218 (E.D. Wis. June 9, 2026) (citation omitted). Rule 23(g)(1)(A) provides that courts must consider:

    (i)      the work counsel has done in identifying or investigating potential claims in the action;

(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)  counsel's knowledge of the applicable law; and

(iv)  the resources that counsel will commit to representing the class.

Where more than one applicant meets these criteria, "the court must appoint the applicant best able to represent the interests of the class." *Id.* (quoting Fed. R. Civ. P. 23(g)(2)). As discussed in further detail below, each of the relevant factors demonstrate that Proposed Interim Co-Lead Class Counsel are best able to represent the interests of the Proposed Class here.

### 1. Proposed Interim Co-Lead Class Counsel Performed Substantial Work Investigating This Action

Proposed Interim Co-Lead Class Counsel have committed appropriate and substantial time and resources to investigate this action and advancing this litigation. Counsel are familiar with the facts and legal issues in this matter and intend to continue to prosecute the claims efficiently on behalf of Plaintiffs and the Proposed Class.

Before filing the above-captioned actions, Proposed Interim Co-Lead Class Counsel independently investigated the facts and circumstances surrounding the Data Breach, TruStage's public statements regarding the Data Breach, credit union and consumer experiences concerning how they were impacted by the breach, and potential causes of the Data Breach. Each firm also researched the applicable law in preparing the complaints. Proposed Interim Co-Lead Class Counsel have already begun discussing the division of labor and will allocate substantive responsibilities based on each firm's experience and availability to avoid duplicative effort.

Proposed Interim Co-Lead Class Counsel have conducted the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial

effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs' and the Proposed Class.

### 2. Proposed Interim Co-Lead Class Counsel Have Successfully Led and Resolved Similar Data Breach and Complex Class Actions

Proposed Interim Co-Lead Class Counsel are well-qualified to lead this case. Data breach cases present novel issues of fact and law that are constantly evolving and require an understanding of the technical issues of data hacking, data privacy measures and industry standards. This is particularly true where the impacted class includes financial institutions, that must comply with federal and regulatory guidelines, and their members. Ms. Feldman and Mr. Nerko are both highly experienced in litigating on behalf of credit unions, with a focus on data privacy concerns. Ms. Feldman has a tremendous amount of class action litigation experience litigating data breach and privacy class actions (see firm resume attached as Exhibits 1 and 2).

For the Consumer Track, each Proposed Interim Co-Lead Counsel has a track record of successfully litigating and resolving consumer class actions, particularly those involving privacy and data breaches, while a summary of Proposed Interim Class Counsel's qualifications and representative experience is set forth below, and detailed in the accompanying firm resumes attached hereto as Exhibits 3 through 6.

***Lori G. Feldman****:* Ms. Feldman has more than 30 years of experience representing plaintiffs and classes in litigating class actions and complex civil litigation, including data breach, consumer protection, and privacy cases. She has served in the leadership roles of lead counsel, co-lead counsel, and executive/steering committee member in numerous class action/MDL cases. *See, e.g.*, *In re Fidelity Invs. Data Breach Litig.*, No. 1:25-CV-012601-LTS (D. Mass) (Co-Lead Counsel); *In re Shields Health Care Group, Inc.*, No. 1:22-CV-10901-PBS (D. Mass.) (Co-Lead Counsel); *In re Meta Pixel Tax Filing Cases*, No. 3:22-CV-07557-SI (N.D. Cal.) (Co-Chair of

Plaintiffs' Steering Committee); *Tate v. EyeMed Vision Care LLC*, No. 1:21-CV-0036 (S.D. Ohio) (Co-Lead Counsel); *In re Morgan Stanley Data Security Litig.*, No. 1:20-CV-05014-MKV (S.D.N.Y.) (Executive Committee; $60 million settlement); *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 1:24-MD-03090 (S.D. Fla.) (Plaintiffs' Discovery Committee); *Zimmerman et al. v. Highmark, Inc.*, No. 2:23-CV-00250 (W.D. Penn.) (Executive Committee); *Bowen v. Paxton Media Grp.*, 5:21-CV-00143-GNS (W.D. Ky.) (Co-Lead Settlement Class Counsel); *In re Nurture Baby Food Litig.*, No. 1:21-CV-0127-MKV (S.D.N.Y.) (Co-Lead Counsel); *In re Pacific Market Int'l, LLC*, *Stanley Tumbler Litig.*, No. 2:24-CV-00191 (W.D. Wash.) (Executive Committee). Ms. Feldman has obtained class and individual recoveries of more than $250 million and has successfully litigated against some of the largest corporate defendants. *See, e.g.*, *South Ferry #2 v. Killinger*, (WaMu), No. C-04-1599-JCC (W.D.Wash.) ($41.5 million class action settlement); *In re Amazon.com*, 2:01-cv-00358 (Lasnik, J.) ($27.5 million class action settlement); *Cavilieri v. General Electric Co.*, 1:2006-cv-0035 ($40 million class action settlement). She currently represents several credit unions in litigation against a Fortune 500 core processing Fintech corporation, where she has defeated defendants' attempts to dismiss the actions.

*Charles J. Nerko*: Mr. Nerko has litigated complex commercial disputes for more than 16 years, concentrating on representing financial institutions as plaintiffs in data-security litigation. He has represented the financial institution plaintiffs as lead or co-lead counsel in the following data-security cases against Fiserv, a Fortune 500 company that is the country's largest provider of outsourced technology to financial institutions: *Parks Heritage Federal Credit Union v. Fiserv Solutions, Inc. et al.*, Case No. 1:16cv07734 (S.D.N.Y. 2016) and Case No. 654871/2016 (N.Y. Supreme Court 2016); *Bessemer System Federal Credit Union v. Fiserv Solutions, LLC et al.*, Case No. 2:19-cv-00624-RJC (W.D. Pa. 2019); *U.S. Courthouse SDNY Federal Credit Union et al. v.*

*Fiserv Solutions, LLC et al.*, Case No. 1:22-cv-09329 (S.D.N.Y. 2022); *Cencap Federal Credit Union v. Fiserv Solutions, LLC*, Case No. 3:25-cv-00913-VDO (D. Conn. 2025); *Self-Help Federal Credit Union, as successor in interest to Winston-Salem Federal Credit Union v. Fiserv Solutions, LLC et al.*, Case No. 1:25-cv-01112-TDS-LPA (M.D. N.C. 2025); *FiCare Federal Credit Union v. Fiserv Solutions, Inc. et al.*, Case No. 8:26-cv-00231-JLB-TGW (M.D. Fla. 2026); *POLAM Federal Credit Union v. Fiserv Solutions, LLC et al.*, Case No. 2:26-cv-02352 (C.D. Cal. 2026); *Midwest Family Federal Credit Union v. Fiserv Solutions, LLC et al.*, Case No. 2:26-cv-00234 (N.D. Ind. 2026); and *Educational & Governmental Employees Federal Credit Union v. Fiserv Solutions, LLC et al.*, Case No. 7:26-cv-02402-NSR (S.D.N.Y. 2026). He has also served as lead counsel in multiple confidential arbitrations involving financial institution cybersecurity disputes. Mr. Nerko writes and speaks frequently on data security for financial institutions, with publications in the *Credit Union Times*, the *Credit Union Daily*, and the *American Bankers Association Journal*, and presentations to industry groups including the New York Credit Union Association, CUs Unite, and Inclusiv (the national trade association for community development credit unions). Government regulators have also called on his expertise: he has presented multiple times to the National Association of State Credit Union Supervisors, and a government financial institution regulator engaged him to conduct a training program for bank and credit union examiners on financial institution vendor data-breach risks.

> *Nickolas J. Hagman*: Mr. Hagman, a graduate of Marquette University Law School, is a partner with Cafferty Clobes, a national class action firm that regularly serves as court-appointed lead in a broad range of class action and MDL matters nationwide.

> Mr. Hagman and Cafferty Clobes have been appointed and actively serve as lead counsel in many major consumer class action matters, including data breach actions, such as: *In re WEL*

*Companies, Inc. Data Incident Litig.*, No. 25-cv-01851-BBC (E.D. Wis. Dec. 12, 2025) (appointing Mr. Hagman as interim co-lead class counsel); *In re: Knight Barry Title, Inc. Data Incident Litigation*, No. 2:24-cv-00211-LA, Dkt. 40 (E.D. Wis. Mar. 2, 2026) (affirming the appointment of Mr. Hagman as co-lead class counsel and granting final approval to the $1.1 millino class settlement); *Douglas, et al. v. PurFoods, LLC*, No. 4:23-cv-00332-RGE (S.D. Iowa Dec. 2, 2025) (granting final approval of $4,250,000 settlement in data breach case, with Mr. Hagman as co-lead counsel); *Hood, et al. v. Educational Computer Systems, Inc.*, No. 24-cv-00666-CCW (W.D. Pa.) (appointing Mr. Hagman co-lead counsel in data breach case on behalf of more than 2.5 million class members. Plaintiffs' motion for preliminary approval of the proposed $6,500,000 settlement currently pending); *In re Hospital Sisters Health System Data Breach Litig.*, No. 2024CH00043 (Cir. Ct. Sangamon Cnty., Ill. Dec. 10, 2025) (confirming appointment of Mr. Hagman as co-lead counsel in data breach case and granting final approval of $7,600,000 class settlement); *Jordan v. Absolute Dental Group, LLC*, No. 2:25-cv-0986-JAD-DJA, Dkt. 92 (D. Nev. Mar. 6, 2026) (appointing Mr. Hagman co-lead counsel in data breach case and granting preliminary approval to proposed settlement on behalf of 1.2 million class members).

During the last few years alone, Mr. Hagman and Cafferty Clobes have led and settled multiple consumer class actions that provided consumers with substantial relief. *See, e.g.*, *Barrett v. Apple Inc.*, No. 20-cv-04812-EJD, ECF No. 291 (N.D. Cal. Dec. 19, 2024) (appointing Mr. Hagman as co-lead counsel and granting final approval to a $35 million class settlement on behalf of victims of gift card scams); *Nielsen v. Walt Disney Parks and Resorts, Inc.*, No. 21-cv-02055, ECF No. 102 (C.D. Cal. Mar. 4, 2023) (appointing Cafferty Clobes co-lead counsel and granting final approval of $9.5 million class action settlement on behalf of individuals who purchased certain annual passes for Disney's California theme parks).

Beyond litigating, Mr. Hagman authored the 2024 edition of the Illinois Institute of Continuing Legal Education (IICLE) Class Action Handbook chapter *Settlement Procedures, Negotiations, and Agreements Under State and Federal Rules*, and twice served on the board of the Chicago Bar Association Class Action Committee, including as the Vice Chair.

### *Leigh S. Montgomery*

Leigh S. Montgomery has over eighteen years of plaintiff's litigation and trial experience, including substantial experience in the class action and appellate contexts. She is a founding member of Ellzey Kherkher Sanford Montgomery, LLP and leads the litigation section of the firm. She has extensive class action litigation experience, including in class certification briefing, trial and appeal. *See, e.g., Mattson v. New Penn Financial, LLC*, Case No. 3:18-cv-00990 (D. Or.), on appeal at 2023 WL 2624783 (9th Cir. March 23, 2023) (vacating denial of class certification and remanding); *Williams v. The Pisa Group, Inc.*, Case No. 2:18-cv-04752 (E.D. Pa.) (certifying TCPA class, final approval granted); *Sides v. Radiologic Medical Services, P.C.*, Case No. CVCV085927 (District Court for the State of Iowa, Johnson County)(certifying a contested data breach class).

Ms. Montgomery also prosecuted many data breach class actions to conclusion. She has been appointed a leadership role and/or acted as settlement class counsel in the following data breach cases: *In re Bon Secours Mercy Health Data Breach Litigation,* Case No.1:24-cv-594, (S.D. OH)(Interim Class Counsel and Settlement Class Counsel)*; In re AACOM Data Breach Litigation,* Case No. 8:25-cv-01239, (D. MD)(same); *William Matiesak et al. v Mystic Valley Elder Services, Inc.* Case No. 2481CV02873, (Massachusetts)(same)*; Matthew Egner et al., v Goodwill Industries of Southwest Oklahoma and North Texas, Inc.,* Case No. CJ-2025-189; (District Court of Comanche County, Oklahoma)(same); *Trevor Burge, et al v. Mason Construction, LLC,* Cause No. 24-DC-CV-2053 (District Court of Jefferson County, Texas)(same); *In re Mainline Health Systems,*

*Inc.*, Case No. 22CV-25-123 (Drew County Circuit Court, State of Arkansas)(same); *Amish Parikh v The Kendal Corporation,*; Case No. 2:25-cv-00129 (E.D. PA)(Settlement Class Counsel); *Springer et al. v. Johnson and Wales University,* Case No. 1:24-cv-00399(D. R.I)(same); *Johnson v KYB America Corporation*, Case No. No. 49D01-2508-CE-38312 (Marion County Indiana Commercial Court)(same); *Richardson v Cumberland Heights Foundation, Inc.,* Case No. 24-1258-I (Chancery Court for the Twentieth Judicial District Court, Davidson County, TN)(same); *Woodward et al v North Cottage Program, Inc.,* Case No. 2473CV00710 (Bristol County Superior Court, MA)(same)*; Gerken/Brown v Lighthouse Electric Company*, Case No. CV-2026-01588 (27th Judicial District Court of Common Pleas, Washington County, PA)(same); *In Re Oracle Corporation Data Breach*, Case No. 1:25-cv-01805 (W. D. TX)(Executive Committee); *In Re Cierant Corporation Data Breach Litigation*, Case NO. 3:25-cv-01095 (D. CT)(same); *In Re SitusAMC Holding Corporation Data Breach*, Case No. 1:25-cv-09748 (S.D. NY)(same); *In Re Legacy Treatment Services Data Security Incident Litigation,* Case No. 1:25-cv-14968 (D. NJ)(same).

Ms. Montgomery and her firm successfully defeated motions to dismiss data security matters in the following cases in which EKSM was the lead counsel: *Tina Clayton v PruittHealth, Inc.*, Case No. 1:24-cv-02960 (N.D. GA); *Chase Barnes v Key Tronic Corporation,* Case No. 2:25-cv-0081 (E.D. WA); *Jeremy McMullen v Michigan Masonic Home, d/b/a Masonic Pathways, d/b/a Pace Central Michigan,* Case No. 25-00698 (Circuit Court Gratiot County, MI); *Jacob Baggett v State University of New York at Niagara, Niagara County Community College,* Case No. 1:24-cv-645 (W.D. NY); *Castillo v. Berry Bros. Gen. Contractors, Inc.*, Case No. 6:24-cv-01723 (W.D. La.); *Stokes v. A.Y. McDonald Industries, Inc.*, Case No. 2:26-cv-01002 (S.D. Iowa).

Outside of the data breach context, Ms. Montgomery an active nationwide consumer class action practice. She has served as counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Heath et al. v. TFS Dining, LLC*, et al., Case No. 1:20-cv-899 (W.D. Tex.) (obtaining summary judgment on employee status and a final judgment on all damages after a jury trial); *Johnson et al. v. Houston, LP, LLC, et al.*, Case No. 4:20-cv-00663 (S.D. TX) (Summary Judgment on issue of employee misclassification and affirmative defenses, and fees awarded); *Garcia et al. v. Toezpecunia, Inc.*, Case No. 6:22-cv-00639 (D. Or.) (Summary judgment on all major liability issues, including willfulness determination); *Ted Entertainment, Inc. et al., v Snap, Inc.* Case No. 2:26-cv-00754 (Central District CA) and *Ted Entertainment, Inc. et al., v Nvidia Corporation*, Case No. 5:25-cv-10287 (N.D. CA).

Ms. Montgomery has knowledge of the facts and applicable law in the case, including knowledge relevant to Defendant. She has conducted discovery, depositions, class certification briefing and argument, as well as interlocutory appeals in class action cases. Ms. Montgomery's extensive class action experience and knowledge of data security cases will allow her to effectively and meaningfully contribute to the representation of the class.

***Jonathan S. Mann***:

Pittman, Dutton, Hellums, Bradley & Mann P.C. ("PDHBM") attorneys have been representing individuals, consumers, and small businesses in complex civil litigation for over 35 years. PDHBM has resolved thousands of cases, hundreds of which resulted in verdicts and settlements in excess of $1 million. Additionally, PDHBM has been in leadership in cases involving class actions and mass tort litigations in which recoveries have exceeded over ten-billion dollars for consumers and small businesses. PDHBM has handled cases in every Alabama circuit

court and in all Alabama federal courts. PDHBM is located in Birmingham, Alabama, but routinely represents clients in mass tort litigation and class actions throughout the country.

Mr. Mann is a shareholder with Pittman, Dutton, Hellums, Bradley & Mann, P.C. in Birmingham, Alabama. He has litigated complex actions since 2011, including class actions, mass torts, personal injury and products liability matters. Mr. Mann and PDHBM routinely represent plaintiffs in federal and state courts in Alabama and across the country involving data privacy, consumer protection, product liability, and antitrust claims.

Mr. Mann is admitted to practice before all courts of the State of Alabama, all United States District Courts in Alabama, and the United States Court of Appeals for the Eleventh Circuit. He has been admitted to practice in over ten (10) other United States District Courts in California, Florida, Georgia, Indiana, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, New Jersey, New York and Pennsylvania.

Federal and state court judges have appointed Mr. Mann and other PDHBM attorneys to leadership positions in class actions and multidistrict litigations (MDLs), including co-lead counsel, liaison counsel, plaintiffs' executive committee and plaintiffs' steering committee. Over the past ten years, Mr. Mann and other PDHBM lawyers have been appointed to leadership positions in the following class actions and multidistrict litigations (MDLs): *In re Blue Cross Blue Shield Antitrust Litigation,* MDL No. 2406 (Local Facilitating Counsel for Subscriber Plaintiffs); *In re Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation,* MDL No. 2441 (Plaintiffs' Steering Committee); *In re Community Health Systems, Inc., Customer Data Security Breach Litigation,* MDL No. 2595, (Local Liaison Counsel); *In re Abilify (Aripiprazole) Products Liability Litigation,* MDL No. 2734 (Plaintiffs' Steering Committee); *In re: Arby's Restaurant Group, Inc. Data Security Litigation,* No. 1:17-cv-514-AT (Financial Institution Plaintiffs' Steering

Committee); *In re Davol, Inc./C.R. Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation,* MDL No. 2846 (Plaintiffs' Steering Committee); *In re Valsartan Products Liability Litigation,* MDL No. 2875 (Plaintiffs' Steering Committee); *In re 3M Combat Arms Earplug Products Liability Litigation,* MDL No. 2885 (Common Benefit Fund Committee); *In re Paragard IUD Products Liability Litigation,* MDL No. 2974 (Plaintiffs' Steering Committee); *In re 3M Combat Arms Earplug Products Liability Litigation,* MDL No. 2885 (Settlement Implementation and Administration Committee); *In re Snowflake, Inc. Data Security Breach Litigation,* MDL 3126 (Financial Institution Spoke Co-Lead); *In re Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation,* MDL 3140 (Plaintiffs' Executive and Steering Committees); *In re Marquis Software Solutions, Inc. Data Breach Litigation*, Case No. 4:25-cv-01277-ALM (E.D. Tex.) (Plaintiffs' Executive Committee); and *In re Jack's Family Restaurants, LP Data Breach Litigation*, Case No. 2:25-cv-01861-LCB (N.D. Ala.) (Interim Liaison Class Counsel).

Mr. Mann possesses significant knowledge and has deep experience in litigating data breach and data privacy cases, serving as co-lead, liaison, executive committee member, steering committee member, and settlement class counsel in a variety of matters, such as *Williams v. Gulf Coast Pain Consultants, LLC d/b/a Clearway Pain Solutions Institute*, Case No. 3:19-cv-01659 (N.D. Fla.); *Limbaugh, et al. v. Norwood Clinic, Inc.*, Circuit Court, Jefferson Cty., Ala., Case No. 01-cv-2022-900851; *Kemp, et al. v. NorthStar Emergency Medical Services, Inc.*, Circuit Court, Tuscaloosa Cty., Ala., Case No. 63-cv-2023-900249; *Hufstetler, et al. v. Upstream Rehabilitation, Inc.*, Circuit Court, Jefferson Cty., Ala., Case No. 01-cv-2024-902563.33; *Sides, et al. v. Sheffield Group, Inc., et al.*, Circuit Court, Jefferson Cty., Ala., Case No. 01-cv-2024-900745.00; *In re Christie's Data Breach Litigation*, Case No. 23-cv-4221-JMF (S.D.N.Y.); *Lee, et al. v. Baptist Health Centers, LLC*, Circuit Court, Jefferson Cty., Ala., Case No. 01-cv-2023-9004352.00;

*Harrison, et al. v. Peco Foods, Inc.,* Case No. 7:24-cv-1028-AMM (N.D. Ala.); *In re Municipal Parking Services, Inc. DPPA Litigation*, Case No. 3:24-cv-320-TKW-HTC (N.D. Fla.); *Brown, et al. v. Alabama Cardiology Group, P.C.*, Circuit Court, Jefferson Cnty., Ala., Case No. 01-cv-2024-903135; *Kornegay, et al. v. Heart South Cardiovascular Group, P.C.*, Circuit Court, Bibb Cty., Ala., Case No. 07-cv-2024-9000089; *In re Cardiology Associates Data Breach Litigation*, Circuit Court, Mobile Cty., Ala., Case No. 02-cv-2025-900139.00; *Lodico, et al. v. Bradford Health Services, LLC*, Circuit Court, Jefferson Cnty., Ala., Case No. 01-cv-2025-902264; *Clarkson, et al. v. Onsite Mammogrpahy, LLC*, Case No. 3:25-cv-11123-MGM (D. Mass.); *In re Set Forth Data Security Litigation*, Case No. 1:24-cv-11688 (N.D. Ill.); *In re Neurological Institute of Savannah Data Breach Litigation,* Superior Court, Chatham Cty., Ga., Case No. SPCV25-00806-ST; *In re Alabama Ophthalmology Associates Data Breach Litigation*, Circuit Court, Jefferson Cty., Ala., Case No. 01-cv-2025-901488.00; *In re AOD Federal Credit Union Data Breach Litigation*, Circuit Court, Calhoun Cty., Ala., Case No. 11-cv-2025-900178.00; *In re Heritage South Credit Union Data Breach Litigation*, Circuit Court, Talladega Cty., Ala., Case No. 61-cv-2025-900175.00, *In re Marquis Software Solutions, Inc. Data Breach Litigation*, Case No. 4:25-cv-01277-ALM (E.D. Tex.), *In re CNHI Data Breach Litigation*, Case No. 2:25-cv-980-RAH (M.D. Ala.); *In re Jack's Family Restaurants, LP Data Breach Litigation*, Case No. 2:25-cv-01861-LCB (N.D. Ala.); *In re Bluewater Healthcare Network, d/b/a Aspire Rural Health System Data Breach Litigation,* Superior Court, Sanilac Cty., Mi., Case No. 2025-41042-CZ; and *In re Methodist Home Care Data Incident Litigation*, Circuit Court, Jefferson Cty., Ala., Case No. 01-cv-2025-904388.

Mr. Mann is currently serving as putative class counsel in several pending actions involving data privacy, consumer protection, and antitrust claims. Mr. Mann has recovered over $100 million

on behalf of individual plaintiffs and served as counsel in class actions and MDLs that resulted in recoveries exceeding $10 billion for class members or plaintiffs.

PDHBM possesses the required skill, knowledge, experience and financial resources to lead and support this litigation. As such, Mr. Mann is qualified to serve as Interim Co-Lead Class Counsel. Exhibit __ provides additional details about the experience of Mr. Mann and PDHBM, along with the stellar results achieved from their zealous representation.

### *Philip Krzeski*:

Philip Krzeski is an income partner at Chestnut Cambronne PA ("Chestnut") in Minneapolis, Minnesota. Mr. Krzeski and Chestnut have been appointed as co-lead counsel in numerous significant data breach class actions similar to the action at issue here, including complex, high-stakes data breach matters across the country: *In re: Change Healthcare, Inc. Customer Data Security Litig.*, No. 24-md-03108 (D. Minn.) (Chestnut was appointed co-lead counsel over patient class of approximately 190 million patients); *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.) (resulting in $7.75 million settlement); *In re Group Health Plan Litig.*, Case No. 23-cv-267-JWB/DJF (D. Minn.) (resulting in $6 million settlement); *In re Loancare Data Breach Litigation,* Case No. 3:23-cv-01508 (M.D. Fla.) (resulting in $5.9 million settlement); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.) (resulting in $5.6 million settlement). He also has MDL experience in aviation litigation. *See, e.g., In Re: Air Crash Toronto Pearson Int'l Airport on February 17, 2025*, No. 25-md-03155).

He has been appointed to leadership roles in numerous data breach cases across the country, *see, e.g., In re Methodist Home Care, Inc. Data Incident Litig.*, No. 01-cv-2025-904388 (Jefferson County, Alabama); *Skillings v. Access Sports Medicine and Orthopaedics, PLLC,* No. 218-2024-

cv-01086 (Rockingham County, New Hampshire) (appointed lead counsel); *In re Peoples Bank, as a Successor to Limestone Bank, Data Breach Litig.,* No. 2023-cv-03043 (S.D. Ohio) (appointed lead counsel); *In re Cinfed Data Breach Litigation,* No. 23-cv-00776 (S.D. Ohio) (same); *Brim v. Prestige Care, Inc.,* No. 3:24- cv-05133-BHS (same); *Kobor v. Skidmore College,* No. 1:23-cv-01392 (N.D.N.Y.) (same); *In re: Precision Imagining,* No. 16-2023-CA-00931 (Duval County, Florida) (same).

He has extensive complex litigation experience – from the filing of the class action complaint to final approval of a class action settlement – as evidenced by direct litigation experience in the following data breach matters:  *In re ESO Solutions, Inc.*, Case No. 1:23-cv-01557 (W.D. Tex.); *Cahill v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.); *In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In re OrthoAlaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Alaska); *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *Anderson v. Fortra LLC*, No. 23-cv-00533-SRN/DTS (D. Minn.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210-SRN/LIB, (D. Minn.); *Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.); *In re CCM Health Data Security Litigation*, Case No. 12-cv-24-169 (Chippewa County, Minnesota); *In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023-cv-0313 (Tift County, Georgia); *Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.).

Outside of the data breach context, Mr. Krzeski has an active nationwide wage and hour

      **i.** and class action practice. He has litigated and certified several Rule 23 classes. *See, e.g., Branning v. Romeo's Pizza, Inc.*, 594 F. Supp.3d 927,

934 (N.D. Ohio 2022) (obtaining Rule 23 class certification). He also directly contributed to several "landmark" wage and hour decisions in the minimum wage employee context. *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, at *7 (S.D. Ohio Mar. 26, 2019) (prevailing on summary judgment on precise interpretation of law in the minimum wage kick-back context); *see also Clark v. Pizza Baker, Inc., et al.*, No. 2:18-cv-157, 2019 WL 4601930 (S.D. Ohio Sept. 23, 2019) (overcoming Domino's Pizza corporate entities' motion to dismiss on joint employer defense).**Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Proposed Class**

Proposed Interim Co-Lead Class Counsel are committed to pursuing the best interests of Plaintiffs and the Proposed Class in an efficient manner and are willing and able to expend the resources necessary to ensure the vigorous prosecution of these claims. Their resumes demonstrate lengthy records of success leading and funding data breach and complex class action cases against some of the largest corporations in the world. They fully understand the investment of time and resources necessary to pursue this action to a successful resolution, and their firms have already made significant investments in the prosecution of these claims and will continue to do so.

Notably, Proposed Interim Co-Lead Class Counsel have a history of working together cooperatively in litigation. Ms. Feldman and Mr. Nerko currently work together on several cases filed on behalf of credit unions against service providers, alleging data privacy related issues. *See POLAM Federal Credit Union v. Fiserv Solutions, LLC*, No. 2:26-cv-02352, (C.D. Cal.); *FiCare Federal Credit Union v. Fiserv Solutions, LLC*, No. 8:26-cv-00231 (M.D. Fla.); and *Educational & Governmental Employees Federal Credit Union v. Fiserv Solutions, LLC*, No. 7:26-cv-02402 (S.D.N.Y).

Proposed Interim Co-Lead Counsel of the Consumer Track likewise have a long and successful history of serving as co-lead counsel. *See, e.g.*, *Rogers v. Des Moines Orthopaedic Surgeons, P.C.*, No. 05251CV044835 (Iowa Dist. Ct. of Dallas Cnty. Mar. 23, 2026) (Mr. Hagman and Mr. Krzeski served as co-lead counsel and obtained final approval of class settlement); *Cahill*

*v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.) (final approval granted to the class action settlement that was coordinated by Mr. Hagman and Mr. Krzeski); *In re Alabama Ophthalmology Associates Data Breach Litigation*, *Associates, P.C.*, No. CV-2025-901488.00 (Cir. Ct. of Jefferson Cnty. Ala. Feb. 19, 2026) (granting final approval to the class settlement with Mr. Hagman and Mr. Mann serving as co-lead class counsel); *McCrea v. National Presto Industries, Inc.*, No. 2026CV000226 (Cir. Ct. Eau Claire County Wi.)(Mr. Hagman and Ms. Montgomery co-counsel and proposed settlement class counsel); *In re Heritage South Credit Union Data Breach Litigation*, 61-cv-2025-900176.00, (Cir. Ct. Talladega County Ala. June 17, 2025)(order appointing Ms. Montgomery as Interim Co-lead counsel and Mr. Mann as Liaison Counsel); *Walker, et al. v. P& S Transportation, LLC, et al.*, No. CV-2025-900187.00 (Cir. Ct. of Jefferson Cnty. Ala. July 7, 2026) (granting final approval to the class settlement with Mr. Mann and Mr. Krzeski serving as co-lead class counsel). Proposed Interim Co-Lead Class Counsel have also worked cooperatively with several other firms on numerous occasions in the past. As they have done before, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the Proposed Class here.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Consolidate and Appoint Interim Co-Lead Class Counsel and issue an order: (1) consolidating the above-captioned cases into this action, No. 3:26-cv-00644, under the title *In re TruStage Data Breach Litigation*; and (2) appointing Lori G. Feldman of HP and Charles J. Nerko of NERKO as Co-Lead Class Counsel of the Financial Institution Track, and appointing Nickolas J. Hagman of CCMS, Leigh S. Montgomery of EKSM, Jonathan S. Mann of Pittman Dutton, and Philip Krzeski

of CC as Interim Co-Lead Class Counsel of the Consumer Track. A proposed order is attached

hereto as Exhibit 7.

Dated: July 23, 2026

*/s/ Kara A. Elgersma_____*
Kara A. Elgersma
**WEXLER, BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, Illinois 60606
Telephone: (312) 346-2222
kae@wbe-llp.com

\* *Pro hac vice* applications forthcoming

David L. Hecht*
Lori G. Feldman*
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821
dhecht@hechtpartners.com
lfeldman@hechtpartners.com

Charles J. Nerko*
Walter E. Swearingen*
Neil P. Diskin*
**NERKO PLLC**
1178 Broadway, 3rd Floor
New York, New York 10001
Telephone: (518) 363-9100
cnerko@nerko.com
wswearingen@nerko.com
ndiskin@nerko.com

*Attorneys for Plaintiff Bessemer System*
*Federal Credit Union*

Nickolas J. Hagman
**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: 312.782.4880
nhagman@caffertyclobes.com

*Counsel for Plaintiffs Marylou Peixoto, Johna Nevin, Linda Kroutter, and the Proposed Class*

Leigh S. Montgomery*
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
420 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (888) 350-3931
lmontgomery@eksm.com

*Counsel for Plaintiff Marylou Peixoto and the Proposed Class*

Jonathan S. Mann*
**PITMAN, DUTTON, HELLUMS, BRADLEY & MANN, P.C.**
2001 Park Place North, Suite 1110
Birmingham, Alabama 35203
Telephone: (205) 322-8880
jonm@pittmandutton.com

*Attorneys for Plaintiff Linda Kroutter and the Proposed Class*

Philip J. Krzeski
Bryan L. Bleichner*
**CHESTNUT CAMBRONNE PA**
100 Washington Ave. S, Suite 1700
Minneapolis, Minnesota 55401
Telephone: (612) 339-7300
pkrzeski@chestnutcambronne.com
bbleichner@chestnutcambronne.com

*Attorneys for Plaintiff Kenneth Mel S. Delin*