# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION**, on behalf of itself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**,<br><br>*Defendant.* | Case No.: 3:26-cv-00644-amb |
| **MARYLOU PEIXOTO**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC. and ALIGN CREDIT UNION**,<br><br>Defendants. | Case No. 3:26-CV-00658-amb |
| **JOHNA NIVENS**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff*,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**,<br><br>Defendant. | Case No.: 3:26-cv-00659-amb |
| **LINDA KROUTTER**, on behalf of herself and all others similarly situated,<br><br>Plaintiff*,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.** | Case No.: 3:26-cv-00661-amb |

|  |  |
|---|---|
| Defendant. | |
| **KENNETH MEL S. DELIN**, on behalf of himself and all others similarly situated,<br><br>Plaintiff*,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.,**<br><br>Defendant. | Case No.: 3:26-cv-00665-amb |

## ORDER GRANTING MOTION FOR CONSOLIDATION OF CASES AND REQUEST TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

This matter is before the Court on the Motion for Consolidation and Appointment of Interim Class Counsel ("Motion") under Federal Rules of Civil Procedure 23(g)(3) and 42 by Plaintiffs in five related actions: *Bessemer System Federal Credit Union v. TruStage Financial Group, Inc.*, No. 3:26-cv-00644 (the "*Bessemer* Action"); *Peixoto v. TruStage Financial Group, Inc.*, No. 3:26-cv-00658 (the "*Peixoto* Action"); *Nivens v. TruStage Financial Group, Inc.*, No. 3:26-cv-00659 (the "*Nivens* Action"); *Kroutter v. TruStage Financial Group, Inc.*, No. 3:26-cv-00661 (the "*Kroutter* Action"); and *Kenneth Mel S. Delin v. TruStage Financial Group, Inc.*, No. 3:26-cv-00665 (the "*Delin* Action").

For the reasons detailed in Plaintiffs' Motion, to ensure consistent and efficient adjudications in this Court and conserve the resources of the Court and the parties, and for other good cause shown, the Court hereby **GRANTS** the Motion, and issues the following orders:

1. The five aforementioned actions currently pending in this District, and any other action arising out of the same or similar operative facts and allegations now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated for pre-trial purposes and

2

trial proceedings pursuant to Federal Rule of Civil Procedure 42(a) (hereafter the "Consolidated Action").

2.     All papers filed in the Consolidated Action shall be filed under Master File No. 3:26-cv-00644, the number assigned to the first-filed case and reflect the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| *In re TruStage Financial Group, Inc. Data Incident Litigation* | ) ) ) | Master File No: 3:26-cv-00644 |
| This Document Relates To: | ) | |

3.     The case file for the Consolidated Action will be maintained under Master File No. 3:26-cv-00644. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, *e.g.*, "No. 3:26-cv-00644 ("*Bessemer*")."

4.     Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts and allegations as the Consolidated Action, shall be consolidated with the Consolidated Action for pre-trial purposes. The Parties shall file a "Notice of Related Action" whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

5.     If the Court determines that the case is related, the clerk shall:

    a.   Place a copy of this Order in the separate file for such action;

    b.   Serve on Plaintiffs' counsel in the new case a copy of this Order;

3

c.  Direct that this Order be served upon defendant(s) in the new case; and

d.  Make an appropriate entry in the Master Docket.

6.      The Court hereby creates two separate tracks for the Action: Track 1—the Financial Institution Track, which shall involve the claims brought by and on behalf of credit unions and other financial institutions; and Track 2—the Consumer Track, which shall involve the claims brought by and on behalf of consumers.

7.      Each Track shall be independent of the other, but counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the Western District of Wisconsin.

8.      The Court appoints separate Interim Co-Lead Counsel for each Track.

a.  Financial Institution Track—Lori G. Feldman of Hecht Partners LLP and Charles J. Nerko of NERKO PLLC are appointed as Interim Co-Lead Counsel for the Financial Institution Track; and

b.  Consumer Track— Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP, Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, Jonathan S. Mann of Pittman Dutton Hellums Bradley & Mann, P.C., and Philip Krzeski of Chestnut Cambronne LLP are appointed as Interim Co-Lead Counsel for the Consumer Track.

9.      Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation in their own separate respective tracks:

A.  Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

4

B.      Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

C.      Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

D.      Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

E.      Serving as the primary contact for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs vis-à-vis Defendants and the Court;

F.      Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

G.      Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

H.      Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

I.      Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement;

J.      Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

K.      Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

L.      Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

M.      Encouraging and enforcing efficiency among all Plaintiffs' counsel;

N.      Assessing Plaintiffs' counsel for the costs of the litigation;

O.      Preparing and distributing periodic status reports to the Court and parties as ordered;

P.      Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an

ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Interim Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to Court approval; and,

Q.   Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court.

10.   As to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all of Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Counsel.

11.   All other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Counsel, except for an application to modify or be relieved from this Order.

12.   The mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

13.   This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

14.   The Court enters the following initial case schedule:

a.   Plaintiffs in each Track shall file a Track-specific Consolidated Class Action Complaint no later than forty-five (45) days following the entry of this Order;

b.   Defendants shall have forty-five (45) days after the filing of the Consolidated Class Action Complaint to answer or otherwise respond.

6

       c.   Should Defendants in either track file a motion to dismiss, Plaintiffs shall have forty-five (45) days to file their response in opposition to the motion to dismiss, Defendants shall have fourteen (14) days to file any reply in support of the motion.

15.    The foregoing is without prejudice to any claims by Plaintiffs or any other defenses on behalf of Defendant.

**SO ORDERED.**

Dated: _____            _____