# EXHIBIT 1



**New York**

125 Park Avenue, 25th Floor, New York, NY 10017

**California**

2121 Avenue of the Stars, Suite 800, Los Angeles, CA 90067

**Texas**

111 Congress Avenue, Suite 500, Austin, TX 78701

**Florida**

9897 Lake Worth Rd, Suite 302, Lake Worth, FL 33467

**Minnesota**

1650 W. 82nd Street, Suite 880, Bloomington, MN 55431

https://www.hechtpartners.com



**Hecht Partners** is a litigation boutique focused on complex litigation and disputes, including class actions, high-stakes trials, and international arbitration. Our team integrates deep experience in class actions, public international law, and intellectual property, operating at the intersection of law, science, and technology.

We are driven by a commitment to restorative justice and the protection of individual rights. Our class action group represents consumers and other individuals in national complex litigation that seeks to protect, restore, and enforce the rights of these individuals. Our talented group of attorneys litigate a broad spectrum of class actions, including consumer protection, antitrust, greenwashing, product liability, data privacy, and human rights class actions.

Recently, Hecht Partners secured a $20.75 million class action bellwether trial victory in *Kashef, et al. v. BNP Paribas, et al.* for funding genocide in Sudan led by Hecht partner Kathryn Lee Boyd appointed as co-lead class counsel, reaffirming its reputation for delivering results against some of the world's largest and most sophisticated adversaries.

With an entrepreneurial culture and lean, technology-enabled infrastructure, our team — composed of lawyers, technologists, and scientists — collaborates seamlessly from anywhere in the world, allowing us to move faster and more efficiently than traditional firms. We embrace and encourage diversity among our lawyers and staff and respect the differences among us and our communities.

We aim to serve those taken advantage of, wronged, or exploited with an exceptional level of service, excellence, encouragement, respect and strength, backed years of collective legal experience, success and results.

125 Park Avenue, 25th Floor, New York, New York 10017

# David L. Hecht, Partner



David L. Hecht is the firm's founder and its co-managing partner. He is a fierce litigator representing individuals, companies, and nationwide classes in high-stakes commercial disputes. He was recognized as a "Legal Lion" by Law360 following his successful argument before the Ninth Circuit in connection with a copyright infringement case against Epic Games. The case, which redefined the limits of protection for choreography in the era of "short form" media, was also recognized by Law360 as one of the biggest copyright rulings of 2023.

David's legal prowess has been widely recognized. In 2025, David was recognized in the IAM 300: The World's Leading IP Strategists: "David is renowned for his fierce litigation skills in high-stakes disputes." In 2024, David was awarded the first annual David A. Pierce award by the National Society of Entertainment and Arts Lawyers ("NSEAL") for successfully championing the rights of artists. In 2023, he was selected as a member of the Multi-Million Dollar Advocates Forum (membership is limited to attorneys who have won multi-million dollar verdicts and settlements). In 2022, David was selected as one of Grazia Magazine's *Game Changers*.

David is a trained electrical and computer engineer and registered patent attorney. He has appeared in dozens of patent-related matters, including *inter partes* review proceedings, for industry giants including Samsung, Raytheon, Huawei, and MediaTek. He has tried numerous District Court and International Trade Commission (ITC) cases to verdict involving a wide range of computer, software, communications, and medical product-related technologies. Among the most notable of those trials was *Apple v. Samsung*, known as the "patent trial of the century." David was also part of the trial team that secured the first-ever exclusion order against Apple in the ITC.

David also has extensive experience in copyright and Digital Millennium Copyright Act (DMCA) cases. Most recently, he was lead counsel for Corellium in a bet-the-company litigation against Apple—and won. First, he won summary judgment. Then, Apple dropped the remainder of its claims on the eve of trial. David also helped secure a $25 million copyright jury trial win for music publishing house BMG Rights Management, named the largest verdict in Virginia in 2015.

David holds a rare and highly coveted educational trifecta: degrees in engineering (B.S. in electrical and computer engineering), business (M.B.A.), and law (J.D.). He worked as a network engineer prior to law school and a patent agent while a law student. David also founded several successful startups during the Great Recession, including real estate investment and event production companies. He draws from his diverse background and experience to understand the most intricate details of his clients' intellectual property and/or business. Prior to founding the firm, David worked for several international law firms, including Jones Day, Quinn Emanuel, and

Steptoe & Johnson. He also worked as in-house counsel for a publicly-traded company focused on licensing and intellectual property assertion.

David's high-profile cases have been featured in nearly every major publication and newscast in the United States, and the world, including *The Wall Street Journal*, *The New York Times*, BBC News, *USA Today*, *Newsweek*, Bloomberg, *Variety*, *Forbes*, *Huffington Post*, *Rolling Stone*, *Billboard*, *The Hollywood Reporter*, *Us Weekly*, TechCrunch, *The Verge*, NPR, CNN, CBC, NBC's *Today Show*, ABC's *Good Morning America*, *CBS This Morning*, and *Entertainment Tonight*.

David is rated by Martindale-Hubbell® as AV Preeminent® (this is Martindale's highest peer rating standard, signifying "a large number of the lawyer's peers rank him or her at the highest level of professional excellence for their legal knowledge, communication skills and ethical standards"). From 2015-2022, David was recognized as a New York Super Lawyer "Rising Star." In 2024, David was again recognized as a New York Super Lawyer.

David is also a Certified Information Privacy Professional (CIPP/US) and he was certified by the Blockchain Council as a Certified Blockchain and Law Professional, Certified Blockchain Expert, and Certified Bitcoin Expert. The CryptoCurrency Certification Consortium (C4) has also certified David as a Certified Bitcoin Professional.

**PRACTICE AREAS**
- Intellectual Property & Patent
- Commercial Litigation & Arbitration
- Transnational Litigation & Arbitration

**BAR ADMISSIONS**
- State of New York
- State of New Jersey
- State of Texas
- State of Pennsylvania
- State of Connecticut
- U.S. Patent & Trademark Office
- U.S. Court of Appeals, Second Circuit
- U.S. Court of Appeals, Third Circuit
- U.S. Court of Appeals, Ninth Circuit
- U.S. Court of Appeals, Eleventh Circuit
- U.S. Court of Appeals, Federal Circuit
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York
- U.S. District Court, Northern District of New York
- U.S. District Court, Western District of New York
- U.S. District Court, District of New Jersey

- U.S. District Court, Eastern District of Texas
- U.S. District Court, Western District of Texas
- U..S. District Court, Northern District of Texas
- U..S. District Court, Southern District of Texas
- U.S. District Court, Eastern District of Michigan
- U.S. District Court, Eastern District of Pennsylvania

**EDUCATION**
- J.D., Fordham University School of Law
- M.B.A., Rutgers University School of Business
- B.S., Rutgers University School of Engineering, Electrical and Computer Engineering, *cum laude*

---

**What Clients Say**

In 2024, in connection with his recognition in IAM, clients said: "*David is the most effective communicator in the patent industry. He is able to clearly explain the patent litigation process to those with no knowledge of IP, provides regular updates and, most importantly, he is smart and aggressive. David works extremely hard and gets great results*."

In 2023, IAM wrote: "*David Hecht is appreciated for his elevated strategic thinking, diligence and superb technical acumen. He is completely dedicated to seeing his clients succeed and has an impressive track record of success in challenging high stakes disputes.*"

In 2022, a client commented to IAM: "*David immediately grasps the complexity of matters at every level and is quick to recognise a [patent] portfolio's value and strength. When it comes to litigation, he effortlessly stays on top of every crucial detail and manages complex parallel tasks, all while demonstrating superb strategic thinking*."

In 2021, his clients described him as having "a *brilliant legal mind and a passion for the law along with free-flowing writing skills*." "*He gives personal attention to his clients and their cases, is extremely patient, excellent at communication and brilliant on strategy*."

In 2020, clients described David as doing "*everything humanly possible to keep clients happy and deliver the wins they seek — and he loves it*." "*Entrepreneurial, tenacious, motivational, he does a superb job carrying the day in high-exposure computer, software, communications and medical technology cases*."

In perhaps the ultimate of client endorsements, David has been "shouted out" in a rap music video by his client 2 Milly.

---

**Notable Representations**

Lead counsel for Corellium, LLC against Apple, Inc. in a bet-the-company lawsuit in the Southern District of Florida involving copyright infringement and DMCA claims; the matter settled favorably following a win on summary judgment across all of Apple's copyright claims and Apple's eventual withdrawal of its DMCA claims.

Lead counsel for Kyle Hanagami in a copyright infringement case against Epic Games; David won an appeal in the Ninth Circuit that redefined the limits of protection for choreography in the era of "short form" media; the matter resolved after reverse and remand, which resulted in new law being established in the field.

Co-lead counsel for Proxense LLC (with Susman Godfrey) against Google, represented by Quinn Emanuel, in a patent infringement case involving mobile payment technology in the Western District of Texas; achieved a clean-sweep at *Markman* and successfully opposed venue transfer, which was upheld on appeal to the Federal Circuit (i.e., Google's mandamus was denied); matter settled favorably before the pretrial conference.

Co-lead counsel for Proxense LLC (with Susman Godfrey) against Samsung, represented by Quinn Emanuel, in a patent infringement case involving mobile payment technology in the Western District of Texas; achieved a clean-sweep at *Markman* and won on partial summary judgment; matter settled favorably hours before jury selection.

Co-lead counsel for Proxense LLC (with Susman Godfrey) against Microsoft and Apple in patent infringement cases involving "passwordless" authentication technology in the Western District of Texas; secured clean-sweeps at *Markman* and successfully opposed venue transfer.

Lead counsel for Internet Patent Payments Ltd. in a patent infringement and trade secret case against PayPal involving payment technology.

Lead counsel for Edge Networking Systems in a patent infringement case against Microsoft involving cloud computing technology.

Lead counsel for Stone Interactive Ventures in a patent litigation suit against Electronic Arts; matter was resolved two weeks after David was engaged.

Lead counsel for world-famous saxophonist Leo P. in a false endorsement litigation against Epic Games; matter resolved after David overcame a motion to dismiss, which resulted in new law being established in the field.

Represented music publisher copyright holders against a large Internet Service Provider (ISP) relating to allegations of vicarious/contributory liability for copyright infringement by its customers.

Represented women-run Alex and Ani against Bank of America in litigation involving allegations of discriminatory and illegal lending practices (matter settled approximately one month after the complaint was filed)

Represented Alfonso Ribeiro (host of America's Funniest Home Videos), BlocBoy JB, Backpack Kid, and rapper 2 Milly in litigations involving misappropriation of likeness, copyright infringement, and/or trademark infringement against Epic Games and Take-Two Interactive.

Represented a putative class of airline ticket purchasers against Southwest Airlines and Boeing regarding the MAX 8.

Defended a major American defense contractor and industrial corporation before the Patent Trial and Appeal Board.

Defended Furniture World, a New Jersey furniture distributor, against allegations of design patent and copyright infringement by Ashley Furniture; the matter settled favorably.

Represented a pharmaceutical patent holder in several Hatch Waxman ANDA litigations relating to opioid dependence treatment medication

In November 2020 *Billboard* magazine featured a story on the copyright registration of "Single Ladies - Put a Ring on It." David's client, JaQuel Knight, was recognized as "the first commercial choreographer in pop music to succeed in [obtaining a copyright registration] for his work."

---

**Thought Leadership / Interviews / Speaking Engagements**

TechTainment (October 2025, Los Angeles) - Panelist, *Technology Track: Startup IP Bootcamp: From Prototype to Protection*

Arizona State University - AI/Emerging Tech and IP (March 2025) - Guest Lecturer

TechTainment (November 2024, Los Angeles) - Panelist, *The Next Level: Video Game Development and Designers' New Legal Fight*

ESI Lisbon 2024 (September 2024, Lisbon, Portugal) - Panelist, *Intellectual Property in Esports*

Beverly Hills Bar Association CLE (May 2024) - Speaker, *Dance Dance Revolution: Copyright in Choreography Hits its Stride*

*Own the 8 Count* (2023) - Documentary Interview

billboardPRO Spotlight (2022) - Interview, If You Like It, Put a © on It

NPR Planet Money (February 2019) - Interview, Backpack Kid Sues Fortnite For Stealing 'The Floss' Dance

*Fordham Intellectual Property, Media & Entertainment Law Journal*, Managing Editor

# Kathryn (Lee) Boyd, Partner



Kathryn "Lee" Boyd has over 20 years of experience handling complex litigation, international arbitration, and class actions in "impact" matters involving international human rights, rule of law, foreign affairs, as well as consumer and investor rights. Lee has litigated more than 30 trials and arbitrations and represented clients in a variety of high-profile disputes, including victims of Argentina's "dirty war," indigenous peoples suing bad actor sovereigns and multinational conspirators, and families of terrorist hijacking victims. She also has spent decades seeking the restitution of cultural and private property seized during the Armenian Genocide and the Holocaust.

Lee is an authority on international human rights, having taught, published, and practiced in the field. She brings an academic approach paired with practical litigation skills to her work, offering clients top shelf representation when the stakes are highest.

Lee also is a member of Victoria Associates, an elite international arbitration practice group comprised of international arbitration specialists from around the globe, which enhances her practice and ability to serve clients with transnational disputes, in commercial and investment arbitrations.

Prior to joining Hecht Partners, Lee was a tenured faculty member at Pepperdine Law School, where she taught international and human rights litigation as well as complex litigation. She also worked as a prosecutor in the Manhattan District Attorney's office, a clerk for the U.S. District Court for the District of Puerto Rico, and was a litigator at several prominent law firms.

In 2021, Crain's New York Business recognized Lee among its list of "Notable Women in Law."

**PRACTICE AREAS**
- Human Rights
- Class Actions
- Commercial Litigation & Arbitration
- Transnational Litigation & Arbitration

**BAR ADMISSIONS**
- State of New York
- State of California
- U.S. Supreme Court
- U.S. Court of Appeals, First Circuit

- U.S. Court of Appeals, Second Circuit
- U.S. Court of Appeals, Ninth Circuit
- U.S. Court of Appeals, Federal Circuit
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York
- U.S. District Court, Central District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California
- U.S. District Court, Eastern District of Texas

**EDUCATION**

J.D., Harvard Law School
B.A., University of Virginia

**LANGUAGES**

- Proficient in Spanish
- Conversational in French

**Notable Representations**

- Successfully represented a global entertainment and sports company against a FTSE 100 online gaming company in arbitration.

- Successfully represented U.S. terrorism victims in international litigation, arbitration, and enforcement of judgment against Iran.

- Successfully represented investors worldwide in international arbitrations, including current representation of investors in Bilateral Investment Treaty arbitrations.

- Successfully represented the Armenian Orthodox Church in seeking return of art stolen during the Armenian Genocide.

- Successfully litigated multiple class actions for employment law violations.

- Successfully represented family in Polish property restitution for immovable property stolen by Nazis and confiscated by communist regime.

**Memberships & Affiliations**

- Member, Victoria Associates, International Disputes

- New York State Bar Association, International Law Section

- California State Bar Association, Litigation Section

- International Law Association, American Branch (former Executive Board member), Human Rights Committee

- California Lawyers Association, International Law Section

- Board member, Transparency International Honduras Chapter, Association for a More Just Society

- California International Arbitration Council (CIAC)

- Institute for Transnational Arbitrators

**Thought Leadership**

- uthor, *International Arbitration and the Future of Holocaust Restitution in the Aftermath of Republic of Hungary v. Simon and Federal Republic of Germany v. Philipp*, Kluwer Arbitration Blog, 2021

- Author, *High Court Nazi Art Rulings Impede Restorative Justice*, Law360, 2021

- Co-author with Michael J. Bazyler, Kristen L. Nelson, and Rajika L. Shah, *Searching for Justice After the Holocaust: Fulfilling the Terezin Declaration and Immovable Property Restitution*, Oxford University Press, 2019

- Co-author, *Report From Jerusalem: The Continuing Struggle For Holocaust Justice*, Warsaw Point, June 22, 2016

- Author, *Unholy Profits: Holocaust Restitution and the Vatican Bank*, Chap. 12 in Holocaust Restitution; Perspectives on the Litigation and Its Legacy, Eds. M. Bazyler, R. Alford, 2006

- Author, *Universal Jurisdiction and Structural Reasonableness*, Texas International Law Journal, Vol. 40, 2004

- Author, *Collective Rights Adjudication in U.S. Courts: Enforcing Human Rights at the Corporate Level*, Brigham Young University Law School, Vol. No. 4, 1999

- Author, *The Inconvenience of Victims: Abolishing the Doctrine of Forum Non Conveniens in U.S. Human rights Litigation*, Virginia Journal of International Law Vol. 39, 1998

# Maxim Price, Partner



Maxim has litigated complex commercial and patent infringement cases for and against Fortune 500 companies. The cases Maxim works on have included the infamous smartphone patent wars, Digital Millennium Copyright Act defense, and the Mt. Gox bitcoin theft litigations. Before joining Hecht Partners, Maxim worked for Jones Day and Quinn Emanuel.

The *IAM Patent 1000: The World's Leading Patent Practitioners* has ranked Maxim as one of the world's leading patent litigators since 2023. Clients said to IAM: "*Maxim is the consummate tactician and has complete mastery of the litigation process. He is highly knowledgeable, strategically brilliant and a wonderful partner.*"

Maxim is also a serial entrepreneur, with multiple tech startups under his belt, featured in inc.com and The American Genius. His startups have focused on the advancement of open innovation through crowdsourcing. Maxim believes that the legal services industry is ripe for startup-style disruption as well and that this firm is the one to do it.

Maxim graduated *cum laude* from Fordham University with a B.S. in Computer Science. He graduated *cum laude* from Fordham University School of Law. His pro bono work includes trials under the federal International Child Abduction Remedies Act and petitions under the Violence Against Women Act.

**PRACTICE AREAS**
- Intellectual Property & Patent
- Commercial Litigation & Arbitration
- Transnational Litigation & Arbitration
- Class Actions
- Crisis Litigation

**BAR ADMISSIONS**
- State of New York

**EDUCATION**
J.D., Fordham University School of Law
B.S., Fordham University (Computer Science)

**Thought Leadership**
- Unify Biotechnologies, Board of Directors

- CEO ideaphore LLC, Co-Founder
- CEO CrowdRaising, Co-Founder
- World Intellectual Property Organization Research Fellow: Patents and Small Participants in the Smartphone Industry, published in Stanford Technology Law Review



# Delphine Knight Brown, Partner

Delphine Knight Brown is a Partner and experienced trial lawyer focused on Intellectual Property litigation and counseling with over twenty years of trial experience. Delphine's practice focuses on complex intellectual property and technology cases, with extensive experience in the life sciences industry.

Delphine has served as lead counsel for several global pharmaceutical companies in Hatch-Waxman litigation and trials involving dozens of drug products, dosage forms and delivery systems. Delphine's lead counsel expertise also includes patent litigation involving biotech, medical device, computer hardware and software, design and business method patents, and counseling of established and emerging biotechnology companies regarding intellectual property, regulatory and litigation issues. Delphine has served as lead trial counsel in complex trademark and copyright infringement, misappropriation of trade secrets, and unfair competition cases.

Delphine believes that the key to being the best lawyer is focusing on achieving both legal victory and strategic objectives in resolving disputes as quickly as possible to get the client back to running its business.

Delphine has three decades of experience representing both U.S. and foreign corporations in federal and state courts nationwide in pretrial proceedings, trials and appeals, and in arbitration proceedings. Delphine frequently publishes thought leadership and speaks on intellectual property issues.

Delphine is a trusted advisor to life sciences companies on patent landscape, patentability, potential patent challenges, and IPRs, as well as regulatory hurdles, including the potential impact of FDA Citizen Petitions.

Delphine has served as lead IP counsel in licensing matters; joint venture, collaboration, research and development, supply, manufacturing, and confidential disclosure agreements; and intellectual property due diligence for mergers and acquisitions.

Delphine received her bachelors degree from Princeton University and her J.D. from St. John's University School of Law. In her spare time, she serves on the boards of several private foundations, and the CT Selection Committee for the Princeton Prize in Race Relations, as well as a USA swimming official.

**PRACTICE AREAS**
- Intellectual Property Litigation and   Counseling
- Trademark Prosecution and Litigation
- Copyright Litigation
- Arbitration

**BAR ADMISSIONS**
- State of New York
- State of Connecticut
- United States Supreme Court
- U.S. Court of Appeals, Federal Circuit
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York
- U.S. District Court, District of Connecticut

**EDUCATION**

J.D., St. John's University School of Law, with highest honors

B.A., Princeton University

**Representative Matters**

- Lead counsel in patent litigations, including Hatch-Waxman litigation for several generic pharmaceutical manufacturers, handling notice letters, non-infringement and invalidity contentions, fact and expert discovery, preliminary injunction hearings, summary judgment motions, trials and appeals.

- Lead litigation and trial counsel representing luxury and consumer goods manufacturers in connection with several patent, trademark and copyright cases.

- Successfully defended a global pharmaceutical, medical device and healthcare company in arbitration of a $91 million claim involving breach of contract and tort allegations.

- Lead counsel in patent infringement cases on behalf of a foreign computer hardware patentee against a major U.S. smartphone and electronic device manufacturer, and a major computer manufacturer.

- Brought patent infringement and misappropriation of trade secrets case on behalf of inventors, involving a portfolio of computer software, hardware and business method patents, against major online shopping platforms.

- Represented a medical device developer and manufacturer in patent infringement and misappropriation of trade secrets cases in the U.S., Europe and Japan against global medical device manufacturer.

**Memberships & Affiliations**

- American Intellectual Property Lawyers Association
- New York Intellectual Property Lawyers Association, Patent Litigation Committee, and Women in IP Law Committee
- American Bar Association, Intellectual Property Section and Litigation Section
- Federal Circuit Bar Association
- New York City Bar Association, Women Partners' Roundtable
- National Association of Women Lawyers, Women in Fashion Law Group



# Michael Eggenberger, Partner

Michael K. Eggenberger focuses on high stakes complex litigation. He has represented clients on a wide range on issues, including class actions, securities litigation, bankruptcy, breach of fiduciary duty, appeals, RICO, breach of contract, and complex financial fraud. Michael has also counseled clients in internal and government investigations, insurance disputes, and VA disability claims. His clients have included several of the biggest financial firms in the world, hedge funds, technology companies, industry groups, developers, sports agencies and individuals. Michael previously practiced at the law firms of Gibson, Dunn & Crutcher LLP and Kaplan Rice LLP.

He graduated from New York University School of Law in 2013. Prior to studying law, Michael served as a Staff Sergeant in the United States Air Force working with remotely piloted aircraft communications.

**PRACTICE AREAS**

•        Commercial Litigation & Arbitration

**BAR ADMISSIONS**

•   State of New York

**EDUCATION**

J.D., New York University School of Law

# Lori G. Feldman, Partner



Ms. Feldman, a senior litigator, is known for building and leading high-stakes, complex class and individual actions from inception through resolution. She co-chairs Hecht Partners' Class Action Practice.

Her practice focuses on data privacy and cybersecurity incidents, consumer protection, and financial services litigation where she takes on sophisticated financial institutions, fintech companies, and national consumer brands for consumers and credit unions. Ms. Feldman is regularly appointed to leadership roles in major, multi-jurisdictional class actions.

She is frequently brought in to shape case strategy and drive meaningful results in matters involving systemic misconduct and large-scale consumer harm.

 Ms. Feldman has joined the litigation team at Hecht Partners LLP in *Kashef, et al. v. BNP Paribas SA, et al.*, No. 1:2015cv03228 (S.D.N.Y.) (Hellerstein, J.), where Hecht Partners LLP  (Lee Boyd, Esq.) is Co-Lead Counsel.  Ms. Boyd and the firm obtained a landmark decision in which a Manhattan federal jury found BNP Paribas liable for its role in enabling the genocidal atrocities committed against Black African civilians in Sudan by the al-Bashir dictatorship from 1997 to 2011, paving the way for more than 20,000 Sudanese refugees living in the United States to seek billions more in recovery. The verdict marks a historic moment in human rights and financial accountability, setting a precedent for holding global banks civilly liable for facilitating regimes accused of crimes against humanity.

Prior to joining the Firm, Lori was the Managing Partner of the New York office of a national class action firm and Chair of the firm's Class Action Practice, a Partner and Executive Committee Member in one of the largest class action firms in the country, a Partner in a prestigious securities and consumer class action firm, and Of Counsel to one of the most tenacious criminal and civil litigation boutiques in the United States.

Ms. Feldman is based in New York and bicoastally licensed to practice law in New York and Washington States.

Lori was named a 2021 Plaintiff's Lawyers Trailblazer by the National Law Journal. From 2011 to 2025, Lori was named a New York Metro SuperLawyer. As a young lawyer, she was also named as a Rising Star in New York and Washington State.

**PRACTICE AREAS**
- Class Action Litigation

- Complex Commercial Litigation
- Consumer Protection
- Securities Fraud

**BAR ADMISSIONS**
- State of New York
- State of Washington
- U.S. Supreme Court
- U.S. District Court Southern District of New York
- U.S. District Court Eastern District of New York
- U.S. District Court Western District of New York
- U.S. District Court Western District of Washington
- U.S. District Court Northern District of Illinois
- U.S. District Court District of Colorado
- Second Circuit Court of Appeals
- Ninth Circuit Court of Appeals

**EDUCATION**

J.D., Albany Law School of Union University, *magna cum laude*

B.A., State University of New York at Albany, *magna cum laude*

**Notable Representations**
- Washington Mutual Securities Litigation ($41.5 million settlement)
- Century Link Sales Practices and Securities Litigation ($15.5 million settlement)
- General Electric Securities Litigation ($40.15 million settlement)
- In Re Gilead Securities Litigation ($8.5 million settlement)
- ConAgra Foods, Inc. Securities Litigation ($14.4 million settlement)
- In Re Amazon Securities Litigation ($25 million settlement)
- Shields Healthcare Group Data Breach Litigation ($15 million settlement)
- Morgan Stanley Data Breach Litigation ($60 million settlement)
- Independe nt Living Data Breach Litigation ($14 million settlement)
- Boston Childrens' Physicians Data Breach Litigation ($5 million settlement)
- In re Fortra Data Breach MDL ($20 million settlement)
- Actively litigating numerous data breach cases on behalf of consumers and credit unions

**Professional Associations**
- New York State Bar Association, Member, Present
- Washington State Bar Association, Member, Present
- National Association of Shareholder and Consumer Attorneys, Present

# David J. George, Partner



David J. George earned his Bachelor of Arts degree in Political Science from the University of Rhode Island, *summa cum laude*. David then graduated at the top of his class at the University of Richmond School of Law. At the University of Richmond, David was a member of the Law Review, was the President of the McNeill Law Society, and earned numerous academic awards, including Outstanding Academic Performance in each of his three years there. Prior to joining Hecht Partners, David was the Managing Member of a nationally known class action firm he founded in 2018.

David, who is AV rated by Martindale-Hubbell (the highest rating available), was a partner in one of the largest class action firms in the world. A zealous advocate of shareholder, consumer and EB-5 investor rights, David has been lead and/or co-lead counsel with respect to various securities class action matters throughout the United States, including: *In re Cryo Cell Int'l, Inc. Sec. Litig.* (M.D. Fla.) ($7 million settlement); *In re TECO Energy, Inc. Sec. Litig.* (M.D. Fla.) ($17.35 million settlement); *Baxter Int'l* (N.D. Ill.) ($42.5 million settlement); *In re Newpark Res., Inc. Sec. Litig.* (E.D. La.) ($9.24 million settlement); *In re Mannatech, Inc. Sec. Litig.* (N.D. Tex.) ($11.5 million settlement); *In re Gilead Sec. Litig.* (N.D. Cal.) ($8.25 million settlement); and *In re R.H. Donnelly* (D. Del.) ($25 million settlement). David has also acted as lead counsel in numerous consumer class actions nationwide, including *Lewis v. Labor Ready, Inc.* ($11 million settlement); *In re Webloyalty, Inc. Mktg. & Sales Practices Litig.* (D. Mass.) ($10 million settlement); and *In re Navisite Migration Litig.* (D. Md.) ($1.7 million settlement). Moreover, David was a member of the litigation team that secured a $925 million settlement in *In re UnitedHealth Grp. Inc. PSLRA Litig.* (D. Minn.). The UnitedHealth Group settlement was the largest stock options backdating case in history.

David recently served as lead counsel in two of the Firm's EB-5 cases involving the Palm House Hotel at 160 Royal Palm Way in Palm Beach, Florida. The litigation is entitled *Lan Li, et al. v. Joseph Walsh, et al.*, 16-cv-81871-KAM (S.D. Fla). and *Lan Li, et al. v. PNC Bank, N.A. and Ruben Ramirez*, 9:19-cv-80332-KAM (S.D. Fla), and David served as Lead Counsel for the Palm House EB-5 Investors. David consults with EB-5 investors from all over the world, including China, Korea, South America, India, and Vietnam, and lectures on EB-5 related topics during his travels. David's EB-5 practice includes projects in various cities across the U.S.

David also spent more than a decade as a commercial litigator with two of the largest corporate law firms in the United States. During that time, David aggressively prosecuted and defended a wide array of complex commercial litigation matters, including securities class action matters,

non-compete litigation, fraud claims, and real estate-based litigation matters.  He is a member of the National Association of Shareholder and Consumer Attorneys.

David has been selected as a Super Lawyer from 2022 – 2026.  In addition, David was honored as a 2021 Plaintiffs' Lawyers Trailblazer by the National Law Journal.  He was also named as one of Florida's Most Effective Corporate/Securities Lawyers and was the only plaintiffs' securities class action counsel recognized.  He has a nationwide practice and successfully prosecutes commercial litigation and fraud cases throughout the U.S.

**PRACTICE AREAS**
- Class Action Litigation
- EB-5 Fraud Litigation
- Complex Commercial Litigation
- Consumer Protection

**BAR ADMISSIONS**
- State of Florida
- U.S. District Court Southern District of Florida
- U.S. District Court Middle District of Florida
- U.S. District Court Northern District of Florida
- U.S. Court of Appeals 1st Circuit
- U.S. Court of Appeals 5th Circuit

**EDUCATION**
J.D., University of Richmond, School of Law
B.A., University of Rhode Island, *summa cum laude*



# Michael M. Liskow, Partner

Michael Liskow is a Partner of the Firm. He has extensive experience litigating complex class actions on behalf of plaintiffs in data privacy, consumer fraud, insurance, antitrust, securities, housing, and wage and hour matters, among others. Michael has devoted his career to seeking justice for classes of individuals that have been taken advantage of by unscrupulous businesses.

Michael earned his Bachelor of Arts Degree in Psychology from the University of Kansas, and his Juris Doctor Degree from the University of Pennsylvania Carey Law School, where he was an Executive Board Member the Journal of Constitutional Law and received a Fulbright Award to the Slovak Republic.

Prior to joining the Firm, Michael was a clerk for the Honorable Steven H. Levinson of the Supreme Court of Hawai`i, an associate at Quinn Emanuel Urquhart & Sullivan, LLP, a Fulbright Teaching Assistant to the Slovak Republic, and a partner at other law firms practicing plaintiff-side class action litigation.

Michael has been recognized as a "New York Super Lawyer" each year since 2019, and was named a "Rising Star" by New York Super Lawyers from 2013-2018.

Michael is currently acting as lead counsel in multiple class actions challenging unlawful workers' compensation insurance premiums. He is also part of a team litigating class claims against Meta and Google for collecting individuals' sensitive tax information without their consent. Michael previously acted as lead counsel in data privacy class actions resulting in meaningful settlements, *Bokelman v. FCH Enters.*, No. 18-00209-RJB-RLP (D. Haw.) and *Mizrahi v. NBEO*, No. 16-cv-03146-JKB (D. Md.). He has initiated and litigated numerous other class actions to completion as the lead attorney through investigation, complaint, discovery, motion practice, appeal, and resolution. These include, among others, *Thompson v. Bethpage Fed. Credit Union*, No. 2:17-cv-00921 (E.D.N.Y.), alleging violations of the Real Estate Settlement Procedures Act resulting in a settlement where every class member received a full recovery, and *Egleston v. Verizon*, No. 194784/2011 (N.Y. Sup. Ct.), on behalf of overbilled Verizon customers resulting in a $5 million settlement providing full refunds plus interest and fees to the class. Michael also had a significant role in representing a class of overcharged tenants of Stuyvesant Town and Peter Cooper Village in New York City, resulting in a $173 million recovery, the largest recovery for tenants in United States history.

Michael is a member of the National Association of Shareholder and Consumer Attorneys and is licensed to practice in New York and California.

**PRACTICE AREAS**
- Class Action Litigation
- Consumer Fraud Litigation
- Data Privacy Litigation
- Insurance Litigation

**BAR ADMISSIONS**
- State of California
- State of New York
- U.S. District Court for Northern District of California
- U.S. District Court for Central District of California
- U.S. District Court for Southern District of California
- U.S. District Court for Eastern District of California
- U.S. District Court for Southern District of New York
- U.S. District Court for Eastern District of New York
- U.S. District Court for Northern District of New York
- U.S. District Court for Northern District of Illinois
- U.S. District Court for District of Colorado
- U.S. Court of Appeals 1st Circuit
- U.S. Court of Appeals 2nd Circuit
- U.S. Court of Appeals 3rd Circuit
- U.S. Court of Appeals 4th Circuit
- U.S. Court of Appeals 7th Circuit
- U.S. Court of Appeals 9th Circuit

**EDUCATION**
J.D., University of Pennsylvania
B.A. University of Kansas



# Kristen Nelson, Partner

Kristen Nelson is a litigator with extensive experience in domestic and international business litigation and atrocities and asset recovery.

Prior to joining Hecht Partners, Kristen was the Project Manager and Lead Researcher on a multi-year Holocaust real property restitution study commissioned by the Prague-based European Shoah Legacy Institute (ESLI), which was published by Oxford University Press in 2019 as Searching for Justice after the Holocaust: Fulfilling the Terezin Declaration and Immovable Property Restitution.

She was also of counsel to a California concierge litigation practice and was Assistant Managing Editor of the European Court of Human Rights module for Oxford Reports on International Law.

Kristen is the author of a number of legal articles and book chapters relating to post-atrocity property restitution.

Kristen has a Master of Laws in Human Rights from the University of Hong Kong, with distinction, a J.D. from Pepperdine University School of Law and B.A. from Washington University in St. Louis in International Studies.

**PRACTICE AREAS**
- Human Rights
- Commercial Litigation & Arbitration
- Transnational Litigation & Arbitration

**BAR ADMISSIONS**
- State of California
- State of Texas
- U.S. Court of Appeals, Ninth Circuit
- U.S. District Court, Central District of California

**EDUCATION**
LL.M., University of Hong Kong, Human Rights
J.D., Pepperdine University School of Law
B.A., Washington University in St. Louis

**Thought Leadership**

- Co-author with Michael Bazyler, Michael Scott Bryant, and Sermid Al-Sarraf, *Comparative Law: Global Legal Traditions*, Carolina Academic Press, August 2021.

- Benjamin B. Ferencz with Michael Bazyler and Kristen Nelson, "Seeking Redress for Hitler's Victims: Personal Remembrances" *in Reparations for Victims of Genocide, War Crimes and Crimes against Humanity, Second Edition,* Carla Ferstman and Mariana Goetz, eds., Brill, 2020.

- Co-author with Michael J. Bazyler, Kathryn Lee Boyd, and Rajika Shah, "Guided by the Terezin Declaration: A Review of Restitution of Stolen Jewish Property After the Holocaust" *in Reparations for Victims of Genocide, War Crimes and Crimes against Humanity, Second* Edition, Carla Ferstman and Mariana Goetz, eds., Brill, 2019.

- Co-author with Michael J. Bazyler, Kathryn Lee Boyd, and Rajika L. Shah, *Searching for Justice After the Holocaust: Fulfilling the Terezin Declaration and Immovable Property Restitution*, Oxford University Press, 2019.

- Author, *The Biggest Stolen House on the (Eastern) Bloc: Lessons From the Terezin Declaration to Poland for Enacting Holocaust Property Restitution Legislation,* Loy. L.A. Int'l & Comp. L. Rev. 41(3), December 2018.

- Co-author with Michael Bazyler, "Holocaust Property Theft and Restitution: The Right to an Effective Remedy under Article 8 of the Universal Declaration of Human Rights" *in Contemporary Human Rights Challenges: The Universal Declaration of Human Rights and Its Continuing Relevance*, Michael Newman and Carla Ferstman, eds., Routledge, 2018.

- Co-author with Kathryn Lee Boyd, *Report from Jerusalem: The Continuing Struggle for Holocaust Justice*, The Jewish Journal, 21 July 2016.

- Co-author with Rajika Shah, *An Immovable Property Restitution Legislation Database: ESLI's Initiative to Bring Present and Future Meaning to the Terezin Declaration Commitments*, Limes Plus – Nationalization, Confiscation, Restitution, 2015.

- Co-author with K. Lee Boyd, Rajika L. Shah, *Negotiating the Deal: Strategies to Avoid Costly Disputes*, 17 Gaming Law Review and Economics 335, 2013.



# Tremayne Norris, Partner

Tremayne Norris is a Partner in the Intellectual Property Group. Mr. Norris' practice focuses primarily on intellectual property litigation, including actions in the federal courts and actions arising under Section 337 of the Tariff Act of 1930 before the International Trade Commission.

Prior to becoming a lawyer, Mr. Norris worked as a patent agent at other prominent law firms where his work included patent preparation and prosecution as well as client counseling. He has drafted and prosecuted numerous patent applications in matters involving such diverse technologies as computer software/hardware devices, wireless network communication, databases, search engines, electromechanical devices, and business methods. Mr. Norris also worked as a patent examiner with the US Patent and Trademark Office where he reviewed patent applications in the network security and cryptography arts.

**PRACTICE AREAS**
- Intellectual Property & Patent

**BAR ADMISSIONS**
- Maryland
- District of Columbia
- U.S. Patent & Trademark Office

# Peter Park, Partner



Peter Park (박현준) is a Partner and a trusted client advisor.

Peter has over a decade of experience in high-stakes patent litigation, patent procurement and portfolio development, managing IP issues in multimillion-dollar deals, and counseling C-level executives on all things IP. As a former IP executive at two high-tech companies, Peter understands the realities of business and can expertly guide clients through the intricacies and impacts of IP litigation. He leverages his corporate experience to formulate creative and pragmatic litigation strategies and obtain favorable, cost-effective results while also minimizing disruption to clients' business activities. Having been in his clients' shoes, Peter works hard to anticipate and alleviate the various in-house pain points that can occur throughout the litigation process. Importantly, he uses his electrical engineering background and training to comprehend, analyze, and layperson-translate very complex technologies. Recently, Peter was Vice President of IP and Strategic Relations at AST SpaceMobile (NASDAQ: ASTS) – a high-tech satellite company specializing in direct-to-cell communications technology. Before that, Peter was the Head of IP Litigation at Analog Devices (NASDAQ: ADI) – a Fortune 500 semiconductor company specializing in data conversion, signal processing, power management, and numerous other specializations.

Peter has worked in Big Law as well as boutique firms. Peter also has extensive patent preparation and prosecution experience, which helps him break down and diagnose patents more effectively for litigation.

Peter received his law degree, with honors, from UNH Franklin Pierce School of Law after obtaining his B.S. in Electrical Engineering from the University of Virginia. Peter is fluent in Korean.

**PRACTICE AREAS**
- Intellectual Property

**BAR ADMISSIONS**
- State of New Jersey
- District of Columbia
- United States Patent and Trademark Office

**EDUCATION**
J.D., UNH Franklin Pierce School of Law
B.S., University of Virginia

# Rebecca A. Peterson, Partner



Rebecca A. Peterson is a Partner of the Class Action Practice Group. Her practice areas focus on consumer protection, greenwashing, product liability, data privacy, and accompanying regulatory issues. Ms. Peterson has extensive leadership experience, having been appointed by courts or acted in the capacity of lead counsel in numerous cases. Ms. Peterson has been part of the successful prosecution of actions on behalf of consumers in both state and federal courts and on various trial teams. In these actions, she has conducted and defended dozens of depositions, including expert depositions. She has vetted and worked extensively with experts that have the specific expertise required for consumer protection cases including survey and damages work. Ms. Peterson has also argued class certification motions and dispositive motions, such as summary judgment and handled cross-examination in *Daubert*.

Ms. Rebecca Peterson's litigation skills have also been recognized in Minnesota and nationally, as she has been named The National Trial Lawyers Top 100 from 2021 to 2024 and Minnesota Super Lawyer from 2022 to 2025. Ms. Peterson, alongside a group of attorneys, was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S. farmers. She was also recognized as a Patriotic Employer by the Employer Support of the Guard and Reserve.

Ms. Peterson is also active in her community, serving as an Advisory Board Member for the Page Education Foundation and as a Board Member for the Sportsmen for the Boundary Waters. Ms. Rebecca Peterson also uses her leadership experience to mentor aspiring lawyers as a member of the Food Law Advisory Board at Mitchell Hamline Law School, where she is teaching a seminar on food law this semester.

Ms. Peterson initially practiced in California and her employment history includes extensive experience in complex class actions, appeals, and public relations.

**PRACTICE AREAS**
- Class Action Litigation
- Securities Litigation
- Product Liability
- Consumer Fraud Litigation

**BAR ADMISSIONS**
- State of California
- State of Minnesota
- U.S. District Court, District of Minnesota
- U.S. District Court, Northern District of California
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Southern District of California
- U.S. District Court, District of Colorado
- U.S. District Court, Central District of Illinois
- U.S. District Court, District of North Dakota
- U.S. District Court, Eastern District of Wisconsin
- U.S. Court of Appeals, Second Circuit
- U.S. Court of Appeals, Sixth Circuit
- U.S. Court of Appeals, Seventh Circuit
- U.S. District of Appeals, Eighth Circuit
- U.S. District of Appeals, Ninth Circuit
- U.S. District of Appeals, Tenth Circuit

**EDUCATION**
J.D., University of San Diego
B.A. St. Olaf's College

**Notable Representations**

- *In re Syngenta AG MIR162 Corn Litig.,* No. 14-md-2591-JWL-JPO (D. Kan.)

- *In re Syngenta Litig. (Minn. Producers),* No. 27-cv-15-3785 (Henn. Co. Dist. Ct., Minn.)

- *Zarinebaf et al. v. Champion Petfoods USA, Inc. et al.,* 1:18-cv- 06951 (N.D. Ill.)

- *In re Big Heart Pet Brands Litig.,* No. 4:18-cv-00861-JSW (N.D. Calif.) [Co-Lead Counsel]

- *Zeiger et al. v. WellPet LLC et al.*, 3:17-cv-04056-WHO (N.D. Calif.)

- *In re Plum Baby Food Litigation,* 4:21-cv-00913-YGR (N.D. Calif.) [Co- Lead Counsel]

- *In re Nurture Baby Food Litigation,* 1:21-cv-01217-MKV (S.D. NY) [Co- Lead Counsel]

- *In re Theo's Dark Chocolate Litigation*, 4:23-cv-02739 [N.D. Calif.] [Co-Lead Counsel]

- *In re Meta Pixel Tax Filing Cases,* 3:22-cv-07557 [N.D. Calif.] [Co-Lead Counsel]

- *Walton et al. v. WL Gore & Associates,* 1:25-cv-01948 (D. of MD.)

- *In re: Procter & Gamble Co.  "Protect, Grow and Restore" Marketing and Sales Litigation Practice* 25-md-3157 (S.D. Ohio)

- *Amanda Seutter et al. V. Mead Johnson Nutrition Co.,* 0:24-cv-02179 (D. of Minn.)

- Author of Amicus Brief in *Karsjens, et al. v. Harpstead, et al.,* 11-cv-02359 (8th Cir.)

- *Huggins et al. V. Abbott Laboratories*, 2 :25-cv-02460 (N.D. Ill)

- *Brower et al. v Colgate-Palmolive Company,* 1:25-cv-03348 (S.D. NY)

- *Merriman Blum v. Amazon.com, Inc.,* 2:25-cv-00977 (W.D. Wash.)

- *Kennedy et al., v. Exxon Mobil Corp*. et al. 2 :25-cv-02378 (W.D. Wash.)

- *Schwarz et. al. v. Google*, LLC; 25-cv-03125 (N.D. of Calif.)

- *In re Allianz Life Insurance of North America Data Incident Litig*.; 25-cv-02777 (D. Minn.) [Plaintiffs' Leadership Committee]

- *In re HVAC Equipment Antitrust Litigation*; 2:26-cv-10949 (E.D. MI)

- *Yolanda Petre v Nestle Health Science Holdings, Inc*.; 3:26-cv-04652 (E.D. Calif.)

- *In re Huel Heavy Metal Litigation*; 1:25-cv-05783 (E.D. New York) [Co-Lead Counsel]

- *Lauren Wolf and Elizabeth Correia v. Amazon.com, Inc*.; 2:26-cv-01479 (W.D. Wash.)

- *Silver v Apple, Inc.;* 26CV492053 (Super. Ct. Cal. - Santa Clara County)

**Professional Associations**

- The National Trial Lawyers Top 100 (2021 – 2024)

- Best Lawyers in Minnesota 2022 by Minnesota Monthly (2022)

- Attorney of the Year (Syngenta litigation team) by Minnesota Lawyer (2017)

- Minnesota Super Lawyers – Class Action and Mass Torts Attorney (2022 – 2025)

**Community Involvement**

- Food Law Advisory Board at Mitchell Hamline Law School

- Adjunct Professor for Food Law Labeling and Advertising (Spring 2026)

- Advisory Board Member, Page Education Foundation

- Board Member, Sportsmen for the Boundary Waters

- Support in completing book on historical work of retired Minnesota Supreme Court Justice Page

# Janine L. Pollack, Partner



Janine L. Pollack is a Partner of the Firm and the Class Action Practice Group. She has been a class action litigator for over 35 years and has prosecuted cases that have resulted in the award of hundreds of millions of dollars to defrauded consumers and investors. She has been appointed by courts to lead numerous class actions and has had much success in securing refunds and other remedies for class members. She has prosecuted bench and jury trials as first chair, winning a jury verdict against R.J. Reynolds for wrongful death in a tobacco litigation.

Janine grew up in New Jersey and is a member of the New York and New Jersey bars. After graduating from University of Pennsylvania Carey Law School, she worked in a general litigation firm for approximately eighteen months before joining a large plaintiffs' class action firm in 1991 and has devoted her practice primarily to class actions since then.

Janine is a Certified Health and Well-Being Coach and the Firm's Chief Wellness Officer. Janine and the Firm are at the forefront of the focus on well-being in the legal profession. Her and the Firm's philosophy is that well-being is ground zero for all endeavors we undertake in life, including being an effective attorney. Since adolescence, her interests have revolved around her love for fitness, nutrition and the goal of uniting mind, body and soul and her enthusiasm for such interests has continued to grow over time. She strives to share that philosophy with her colleagues at the Firm and in the Bar to support them in finding strength, motivation and empowerment for fulfillment in their personal and professional lives.

Janine graduated from University of Pennsylvania Carey Law School in 1989, where she was elected to the Journal of International Business Law. Janine is active as an alumnus, participating in various programs, including regarding well-being. Prior to law school, she graduated in 1986 from Rutgers College at Rutgers University in New Brunswick, New Jersey with High Honors, Phi Beta Kappa, with a B.A., having double-majored in English and French. Fluent in French, she spent a semester abroad in 1985 at New York University in France.

Janine is Co-President of the National Association of Shareholder & Consumer Attorneys (NASCAT), a non-profit organization of attorneys that supports consumer and investor rights, including through the class action mechanism. Janine is also the Chair of the Women's Initiative at NASCAT, which seeks to advance women in the class action bar. She participated as a team leader in developing standards and best practices for increasing diversity in mass tort and class action litigation for the James F. Humphreys Complex Litigation Center at the George Washington Law School titled, "Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation" (March 15, 2021). Janine

is also a member of the Women in the Legal Profession Committee of the Bar Association of the City of New York (City Bar), where she was a co-editor of the publication, *Street Smarts for Women Lawyers*. Her committee activities include wellness projects and presentations, as well as the Women on the Walls initiative that commissions portraits of women jurists for display at the City Bar. Janine is a member of the Mindfulness & Well-Being in Law Committee at the City Bar as well. Janine has also participated as a volunteer for the Institute for Well-Being in Law (IWIL), a non-profit organization whose focus is well-being within the legal community.

**PRACTICE AREAS**
- Class Action Litigation
- Product Liability
- Consumer Fraud Litigation

**BAR ADMISSIONS**
- State of New York
- State of New Jersey
- U.S. District Court Southern District of New York
- U.S. District Court Eastern District of New York
- U.S. District Court Northern District of New York
- U.S. District Court District of New Jersey
- U.S. District Court Northern District of Illinois
- U.S. Court of Appeals for the First Circuit
- U.S. Court of Appeals for the Ninth Circuit
- U.S. Court of Appeals for the Tenth Circuit

**EDUCATION**
J.D., University of Pennsylvania Carey Law School
B.A. Rutgers University

**Notable Representations**

- Lead litigator in consumer class actions against major banks for failure to pay interest on mortgage escrow monies; settlement achieved in one case

- One of lead litigators in consumer class action against lender for misrepresentations in financing documents to pay for energy-saving home improvements; settlement achieved

- Co-lead counsel in data breach against large clothing retailer for failure to exercise reasonable care in safeguarding personal information of its customers; settlement achieved

- Represented consumers nationwide in class actions against Skechers, Reebok and others for false claims regarding efficacy of "toning shoes"; worked with Federal Trade Commission in securing settlements

- The lead litigator in oft-cited seminal consumer class action in D. Mass. (*Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 338 (D. Mass. 2015), *aff'd*, 809 F.3d 78 (1st Cir. 2015)), against the manufacturer of "Vibram FiveFingers footwear" for mispresenting the health benefits of the shoes; settlement achieved

- One of lead litigators in consumer class action against makers of macaroni and cheese products for failure to disclose presence or risk of dangerous phthalates

- Working with various co-counsel in consumer class actions against makers of infant formula for failure to disclose presence or risk of heavy metals

- Working with various co-counsel in consumer class actions against several makers of baby foods for failure to disclose presence or risk of heavy metals

- Working with various co-counsel in consumer class action against maker of protein powder for failure to disclose presence or risk of heavy metals

- Co-lead counsel in consumer class action against maker of chocolate confectionary products for failure to disclose presence or risk of PFAS "forever chemicals"

- Worked with various co-counsel in consumer class actions against makers of herbs and spices for failure to disclose presence or risk of heavy metals

- Working with various co-counsel on numerous data breach and privacy class actions, many of which have had successful settlements

**Achievements**

Janine is honored to have been named as a Super Lawyer every year since 2012 and to Lawdragon's list of 500 Leading Plaintiff Financial Lawyers for numerous years. She has also enjoyed being appointed many times to Law360's editorial boards. Janine's prior firm where she was a founding partner was awarded the National Law Journal's 2020 Trailblazer Award for an Elite Boutique Firm. In 2012, Janine was one of the attorneys featured on the front page of The National Law Journal's Plaintiffs' Hot List for her work on toning shoe cases, including against Reebok and Skechers, which resulted in settlements jointly with the Federal Trade Commission.

**Thought Leadership**

Janine is a frequent public speaker on well-being, women's and other issues, including:

- Time Management & Practice Organization for New Attorneys CLE presentation, Lawline, March 29, 2026

- Turning Strategy to Action – Real World Tactics for Unlocking Participation and Driving Engagement, 7th Annual Employee Wellness for Legal Professionals Summit, March 3, 2026, Tampa, FL

- University of Pennsylvania NYC Alumni Panel Presentation on Wellness and Motivation, February 25, 2026

- Women Lawyers in Leadership, Practicing Law Institute (numerous years)

- Making Wellness Work for You, Class of Our Own Women's Summit, May 9, 2023

- Health and Wellness Panel, Class Action Law Forum, University of San Diego School of Law, March 18, 2022

- Taking Care of Our Own: Lawyer Well-Being Programs, AON Virtual Law Firm Symposium, October 14, 2021

- Harris Martin Webinar Series: Baby Food Litigation, April 8, 2021

- Taking Control of Your Well-Being: How to Leverage Your Legal Organization's Wellness Program, Practicing Law Institute, December 10, 2020

- How to Wow Motivation and Wellness: Your Guide to Grit and Fit, University of Pennsylvania Carey Law School, October 21, 2020 (highlighted in *Penn Law Journal*, Summer 2021)

# Adam Rader, Partner



Adam J. Rader has been assisting clients in the civil prosecution and defense of complex commercial business disputes in state and federal court for more than 20 years. His practice focuses on commercial litigation in state and federal court with an emphasis on international law.

Mr. Rader provides clients with creative and practical approaches to the resolution of complex commercial problems. He has been involved on behalf of his clients in a diverse array of complex commercial litigation matters, arbitration and mediation, international matters, executive employment disputes, and appellate matters.

Mr. Rader has represented both U.S. and international clients in a variety of state and federal civil and criminal cases including matters involving corporate and international litigation, arbitration, international trade, extradition, art law, trademark issues, entertainment law, and Native American Law.

## PRACTICE AREAS

- Commercial Litigation & Arbitration
- Transnational Litigation & Arbitration

## BAR ADMISSIONS

- State of New York
- U.S. Supreme Court
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York
- 

## EDUCATION

- University of Wisconsin-Madison, J.D.
- Connecticut College, B.A.

---

**Notable Representations**

Mr. Rader has been involved in several high profile cases including representation of a prominent German real estate developer in extradition proceedings and preparation of writ of habeas corpus; representation of an Azerbaijani law professor accused of attempting to sell works of art allegedly

stolen in World War II; and representation of Internet Tobacco sellers in complex federal litigation involving novel theories of trademark violation alleged by Philip Morris concerning grey goods and the sale of tobacco products by Native American business.

- Mr. Rader has consulted with and assisted in preparation of British counsel in connection with multi-jurisdictional matters with related litigation in both the U.S. and Great Britain.

- Mr. Rader has obtained an award of summary judgment in excess of $2.5 million on behalf of a client in a commercial litigation matter involving various breaches of fiduciary duties by establishing adverse inferences as a result of the defendant's destruction of computers and other relevant evidence. In several matters, Mr. Rader has obtained preliminary relief for clients involved in partnership disputes leading to a favorable resolution of "business divorce" actions.

- He recently settled a matter involving a partnership dispute over various real estate holdings in Brooklyn in which, after obtaining injunctive relief, his client received sole possession of a Brooklyn property worth several million dollars, plus cash payments in excess of $1 million.

# Lawrence Steckman, Partner



Lawrence Steckman is a partner in the law firm Hecht Partners LLP and has been litigating securities and business cases since 1988. In July, 2006, Super Lawyers Magazine, in its inaugural New York edition, identified Mr. Steckman as one of New York's first "Super Lawyers" in both securities and business litigation. He received that honor again in 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020 and 2021. The largest independent attorney rating service, AVVO, awarded him its highest achievement level, "superb," based on a 10/10 score, placing Mr. Steckman in the top fraction of the top 1% of rated attorneys. Mr. Steckman has handled billions of dollars in client matters, including individual matters exceeding one billion dollars, and been counsel in leading securities, derivatives and RICO litigations. He has authored or been the principal and/or first author of more than fifty published works on the law.

Mr. Steckman's practice areas include securities and derivatives private and class suits, including Rule 10b-5 litigation, federal and state complex commercial litigation, prosecuting and defending civil RICO private and class suits, merger and acquisition, corporate and contract litigation, bond, arbitrage and real estate fraud and regulatory litigation, international, securities and broker customer arbitration, securities regulatory matters and professional liability defense litigation on behalf of accountants and attorneys.

Mr. Steckman has represented mutual, hedge and private equity funds, insurance companies, accounting firms and auditors, real estate companies, technology companies, a rating company, domestic and foreign companies, a mining company, banks, investment banks and bankers, securities brokers, law firms, lawyers, and foreign and domestic entrepreneurs and investors. He has represented political figures ranging from a former member of the Egyptian Parliament and Germany's former Industrial Ambassador to the Middle East and Africa, to Panama's former Governor General and a high-profile Ukrainian Oligarch.

Mr. Steckman has published on federal procedure, evidence, constitutional law, attorney client privilege, securities fraud pleading, loss causation and causal modeling, the reliance element in securities fraud litigation, insider trading, risk arbitrage, fiduciary duty, class certification and preparation of expert reports, remedies and damage computation, mitigation and litigating damage offset defenses in securities and commercial cases, class suit attorney fees, corporate governance, and statute of limitation defenses. He has published on modern portfolio theory and index adjusted damages as well as eligibility rule defenses, Mr. Steckman has published on civil RICO litigation, including on RICO predicate acts, RICO enterprise theory, RICO standing and the RICO

direct injury requirement, RICO claims accrual and statute of limitations, RICO loss causation, RICO extraterritoriality analysis and the PSLRA RICO Amendment.

Mr. Steckman's published work on public policy matters has been cited in areas ranging from international terrorism to government contract and constitutional law. He has published on philosophy of science and the philosophy of Nietzsche, Kierkegaard and the American pragmatists. In 2017, he co-authored a volume on existential psychology, published by Nova Science Publishers. He pursued doctoral studies in philosophy at Columbia University, where he was awarded a master's degree, after receiving his undergraduate degree *summa cum laude* in music (classic guitar). He began his legal career in Shea & Gould's New York office.

**PRACTICE AREAS**
- Commercial Litigation & Arbitration
- Transnational Litigation & Arbitration

**BAR ADMISSIONS**
- State of New York, 1989
- U.S. District Court, Southern District, New York
- U.S. District Court, Eastern District, New York
- U.S. District Court, Northern District, New York
- U.S. Court of Appeal for the Second Circuit
- U.S. District Court, Central District of California
- California Superior Court, Los Angeles County
- U.S. District Court, Maryland
- New Jersey Superior Court
- U.S. District Court, Western District, New York
- New Jersey Superior Court
- U.S. District Court, New Jersey (Newark)
- California Superior Court, Los Angeles County
- U.S. District Court, Central Division of Utah
- U.S. District Court, Southern District of California

**EDUCATION**
- Touro College Jacob D. Fuchsberg Law Center, J.D., cum laude, 1988, Law Review
- Columbia University, Doctoral Candidate Masters, Philosophy, 1983
- Long Island University, B.A., 1977 (Philosophy - summa cum laude)
- Long Island University, B.A., 1977 (music performance summa cum laude - classic guitar)

**Notable Representations**

1.        Robert W. Seiden, Esq., Receiver for China Valves Technology, Inc. v. Frazer Frost, LLP, Moore Stephens Wurth Frazer and Torbet, LLP and Frost, PLLC, 796 F. App'x 381, 2020 U.S. App. LEXIS 4005 (9th Cir. Jan. 3, 2020), *affirming* trial court, 2018 WL 6137618 (C.D.CA. July 31, 2018) (Carney, J.) (defense counsel to three accounting firms in action seeking $65 million on fraud, fiduciary and contract breach, and negligence and gross negligence theories brought by Receiver of a technology company.  The Ninth Circuit rejected the Receiver's effort to exploit the "adverse domination theory" to obtain equitable tolling of claims the defense argued were time-barred, dismissing, with prejudice, the Receiver's first-time-on complaint, holding repleading would be futile. Both courts rejected the Receiver's effort to exploit an *in pari delicto* argument to assert plaintiffs lacked incentive to sue because they would have concluded they could not have successfully pursued derivative claims). *En banc* review was unanimously denied.

2.        CMG Holdings Group v. Wagner, 2016 WL 4688865 (September 7, 2016) (Oetken, J.) (plaintiff counsel to advertising company suing several companies and former officers and employees for more than $60 million RICO damages arising from the looting of company over a five-year period, destroying hard copy and computer files and establishing, by theft and otherwise, a competing entity. The court refused to dismiss plaintiff's RICO claims, noting the "comprehensive" scheme and "extensive" concealment efforts pleaded. He sustained CMG's claim for ten times compensatory losses for damages from non-RICO predicate acts: "Based on CMG's allegations, this case may present a rare occasion where punitive damages may be potentially justified.").

3.        Hanson v. Frazer, LLP, 2015 WL 4561707 (July 17, 2015) (Rakoff, J.) (defense counsel to accounting firm in Rule 10b-5 class suit seeking more than $45 million.  This Order set forth the court's reasons for previously dismissing with prejudice plaintiffs' amended complaint which had alleged defendant accountant recklessly failed to include a subsequent events disclosure regarding alleged improper, related-party loans rendering auditor GAAP and PCAOB compliance opinion fraudulent under Rule 10b-5, holding plaintiffs failed to plead a strong inference of scienter).

4.        Arabi v. Javaherian, 2014 WL 3892098 (E.D.N.Y. May 1, 2014) (Korman, J.) (plaintiff's special RICO counsel in action arising from racketeering scheme to obtain a multi-year series of fraudulent loans. This order denied defendants' motions to dismiss for failure to state a RICO claim and a claim of successor liability and rejected, as well, lack of jurisdiction and improper venue defenses).

5.        In re China Valves Tech. Sec. Litig., 979 F.Supp.2d 395 (S.D.N.Y. 2013) (Kaplan, J.) (defense counsel to accounting firm in Rule 10b-5/Section 11 class suit seeking in excess of $20 million.  This decision rejected plaintiffs' amended claim alleging that differences between SAIC Chinese Regulatory filings and SEC US GAAP filings of Chinese reverse merger company were sufficient to show PSLRA scienter against auditor which opined that company financial statements

were in accord with GAAP and rejected plaintiffs' claims based on non-disclosure of alleged material, related party transactions. This decision dismissed plaintiffs' amended complaint with prejudice).

6.        Hanson v. Frazer Frost, LLP, 2013 WL 5372749 (S.D.N.Y., Sept. 24, 2013) (Rakoff, J.) (defense counsel to accounting firm in Rule 10b-5 class suit seeking in excess of $45 million. This decision held allegations that auditor recklessly failed to include a subsequent events disclosure regarding alleged improper, related-party loans rendered its audit opinion regarding GAAP and PCAOB compliance fraudulent under Rule 10b-5, failed to state a claim, dismissing without prejudice).

7.        Perry v. Duoyuan Printing, Inc., 2013 WL 4505199 (S.D.N.Y., Aug. 22, 2013) (Daniels, J.) (defense counsel to accounting firm in Rule 10b-5/Section 11 class suit seeking in excess of $45 million. This decision held auditor had no duty to review SAIC filings of defendant company and auditor opinion that company financial statements were prepared in accord with GAAP and that audit complied with PCAOB standards was not actionable, dismissing with prejudice).

8.        Islet Holdings v. Islet Sciences, 2:12-cv-00799 (U.S.D.C., January 28, 2013) (defense counsel to bio-medical technology company. By order from the Bench, the court granted dismissal of claims seeking declaratory relief and damages under theories of conversion, unjust enrichment, interference with potential economic relations, breach of fiduciary duty, negligent misrepresentation, misappropriation of trade secrets, patent infringement and fraud, following prior dismissal, from the Bench, of RICO and securities fraud claims, in excess of $15 million, for alleged misrepresentation as to ownership of technology related to diabetes treatment in SEC filings, for lack of properly-pleaded causation and damage elements).

9.        In re China Valves Tech. Sec. Litig., 2012 WL 4039852 (S.D.N.Y., Sept. 12, 2012) (Kaplan, J.) (defense counsel to outside auditor in Rule 10b-5 class suit seeking in excess of $20 million. This decision rejected plaintiffs' claim that differences in financial metrics between SAIC Chinese Regulatory filings and SEC US GAAP filings of Chinese reverse merger public company were insufficient to show PSLRA scienter against auditor, and rejected claims based on alleged non-disclosure of material, related party transactions. This decision dismissed all claims).

10.       Fortress Credit Corp. v. Ruskin Moscou Faltischek P.C., 95 A.D.3d 685 **(1st Dep't May 22, 2012)** (defense/appellant's counsel to opinion-counsel law firm in action seeking $50 million out of pocket damages. Reversing the trial court, the appeal court held plaintiff, alleging the law firm's opinion recklessly mis-stated material facts, including identity of client, failed to state a claim for fraud, negligence or breach of fiduciary duty, directing all claims be dismissed with prejudice).

11.       Lakah v. UBS, A.G, 600 F.Supp.2d 497 (S.D.N.Y.  March 6, 2009) (Cedarbaum, J.), March 17, 2009, N.Y.L.J. 29, Col. 3 (Decisions of Interest) (defense counsel to former member of Egyptian parliament and majority owner and controlling shareholder/officers of three Egyptian

companies seeking to stay arbitration against them in their personal capacity for bank/bond fraud and market manipulation of Cairo Exchange on claims exceeding $200 million. This decision enjoined a AAA Panel of arbitrators from determining their own jurisdiction to resolve arbitrability question).

12.     Mazzone v. Grant Wilfley Casting, No. 05-2267 (2007) (Wiginton, J.) (special RICO defense counsel to entertainment casting company and its owner sued for RICO violations based on predicate acts of alleged commercial bribery.  This order dated January 7, 2008 dismissed on summary judgment plaintiff's claims for reasons stated from the Bench during oral argument).

13.     Apex Equity Partners Inc. v. Murray, 18 Misc.3d 1137(A), 2008 WL 498468 (Sup. Ct. N.Y. Co. Feb. 5, 2008) (Fried, J.) (plaintiff's counsel to Canadian private equity firm seeking in excess of $95 million for defendant French aero-space conglomerates' misconduct in failed acquisition of Mexican, English and United States subsidiaries.  This decision upheld plaintiff's breach of contract, tortious interference and fraud claims on dismissal motion).

14.     Riggs v. Mass. Fin. Serv. Co., Civ. No. JFM-04-1162 (2006) (Motz, J.) (defense counsel to national bank officer accused of structuring swaps and derivatives to facilitate alleged market timed and late traded securities transactions in violation of Rule 10b-5 in action claiming damages in excess of $300 million.  This order dated March 1, 2006 (MFS Subtrack), implementing Multi-district Litigation Global Memorandum Decision In re Mut. Funds Invest. Litig., 384 F.Supp.2d 845 (D. MD. Aug. 35, 2005) (Janus Subtrack), dismissed all Rule 10b-5 fraud/market manipulation claims against bank officer, with prejudice).

15.     Parthasarathy v. RS Invest. Manag., L.P., Civ. No. JFM-04-3798 (2006) (Motz, J.) (defense counsel to national bank officer accused of structuring swaps and derivatives to facilitate alleged market timed and late traded securities transactions in violation of Rule 10b-5 in action claiming damages in excess of $300 million.  This order dated March 1, 2006 (RS Subtrack), implementing Multi-district Litigation Global Memorandum decision In  re Mut. Funds Invest. Litig., 384 F.Supp.2d 845 (D.Md. Aug. 35, 2005) (Janus Subtrack),  dismissed all securities claims against bank officer, with prejudice).

16.     Wyser-Pratte v. Babcock Borsig, AG, 23 A.D.3d 269, 808 N.Y.S.2d 3 (1st Dep't 2005) (defense/respondent's counsel to chairman of German company Babcock Borsig, AG, one of Germany's largest energy and engineering conglomerates in action seeking more than $60 million civil RICO damages arising from a multi-billion dollar alleged fraud.  Arguing appeal on behalf of all defendants, this decision affirmed dismissal on *forum non-conveniens* grounds, despite unavailability of RICO remedies and alleged inadequate trial procedures in Germany).

17.     Wyser-Pratte v. Babcock Borsig, AG, 2004 WL 3312835 (Sup. Ct. N.Y. Co. July 8, 2004) (Ramos, J.) (defense counsel to chairman of German company Babcock Borsig, AG, one of Germany's largest energy and engineering conglomerates, in action seeking more than $60 million

civil RICO damages arising from a multi-billion dollar alleged fraud – this order dismissed $60 million RICO claims against former Babcock Chairman, on *forum non conveniens* grounds).

18.    Chamberlin v. The Hartford Financial Services Inc., 2005 WL 2007894 (S.D.N.Y. Aug. 19, 2005) (Hellerstein, J.) (defense counsel to insurer in civil RICO class action alleging a RICO enterprise comprised of seven insurers.  This decision dismissed all RICO allegations rejecting claim that  insurers violated RICO by denying, in coordinated fashion, no-fault claims).

19.    Vera v. Saks & Co., 335 F.3d 109 (2d Cir. 2003) (defense counsel in class suit against national retailer.  This decision affirmed dismissal of class action, holding plaintiffs' claim that collective bargaining agreement provision was illegal under New York law was pre-empted under Labor Management Relations Act Sec. 301).

20.    Caiola v. Citibank, N.A., 295 F.3d 312 (2d Cir. 2002) (special derivatives counsel to securities fraud plaintiff seeking $40 million in losses arising from defendant's abandonment of a synthetic option hedging strategy and *sub silentio* adoption of a physical hedging strategy.  This decision held synthetic swap and option transactions were governed by Exchange Act §10(b), in the first case to construe the effect of the Commodities Futures Modernization Act on synthetic derivatives).

21.     Palazzetti Import/Export, Inc. v. Morson, 2002 WL 31819577 (2d Cir. 2002) (respondent's counsel to prevailing plaintiff in franchise matter. This decision affirmed the trial court's denial of motion for JNOV and denial of defendant's application for a new trial).

22.    Palazzetti Import/Export, Inc. v. Morson, 2001 WL 1568317 (S.D.N.Y. December 6, 2001) (Maas, J.) (plaintiff counsel in franchise matter.  This decision refused to amend $1.7 plaintiff jury award in plaintiff's favor).

23.    Double Alpha, Inc. v. Mako Partners, L.P., 2000 WL 1036034 (S.D.N.Y. July 26, 2000)(Chin, J.) (defense counsel for hedge funds.  This decision dismissed all 10b-5 claims against defendants that remained after plaintiff, on Rule 11 motion, was forced to voluntarily dismiss four RICO claims).

24.    Washington National Ins. Co. of New York v. Morgan Stanley & Co. Inc., 1999 WL 461796 (S.D.N.Y. July 2, 1999) (Griesa, C.J.) (counsel to plaintiff insurance companies in Rule 10b-5 suit seeking $22 million damages arising from alleged $200 million fraud.  This decision denied underwriter, issuer and law firm defendants' motions for summary judgment).

25.    Bull & Bear U.S. Government Securities Fund, Inc. v. Karpus Management Inc., 1998 WL 388546, 1998 U.S. Dist. LEXIS 10282 (S.D.N.Y. July 13, 1998)(McKenna, J.) (defense counsel to proxy fight target of takeover attempt of closed end fund.  This decision sustained §16 claims filed by target after a state court denied five summary judgment motions seeking shareholder list).

26.        X v. Y,  _ (U.S.D.C.) (defense counsel to rating company in "SLAPP" litigation defamation law suit brought by one of the largest U.S. HMOs seeking more than $1 billion damages for publishing an alleged inaccurate financial strength rating. After motion practice, plaintiff consented to a $0 recovery, without modification of rating, under sealed settlement).

27.        Jeffries v. Harleston, 21 F.3d 1238 (2d Cir.), *cert. granted, judgment vacated by* Harleston v. Jeffries, 513 U.S. 996 (1994) (vacatur of Second Circuit decision which held Department head's First Amendment rights were violated by University officials), o*n remand,* Jeffries v. Harleston, 52 F.3d 9 (2d Cir.), *cert. denied,* Jeffries v. Harleston, 516 U.S. 862 (1995)).

28.        Goldberg v. Parker, 221 A.D. 2d 81, 634 N.Y.S.2d 81 (1st Dep't 1995) (appellate counsel to respondent in proceeding seeking to stay arbitration for lack of arbitral eligibility.  This decision affirmed that where eligibility for arbitration is defined by contract, because eligibility is not a "jurisdictional," such determination can be made by arbitrators.

29.        Goldberg v. Parker, 1995 WL 396568 (Sup. Ct. N. Y. Co. May 12, 1995); May 4, 1995, N.Y.L.J. 28 (page 1 at Col. 3) (Omansky, J.) (counsel to respondent on petition to dismiss arbitration alleged to be time-barred – court held that where arbitral eligibility is defined by contract, arbitrators, not courts, should make eligibility determinations -- arbitral eligibility held not to be  "jurisdictional").

30.        In re Integrated Resources Real Estate Limited Partnerships Sec. Litig., 850 F. Supp. 1105 (S.D.N.Y. 1994) (Sweet, J.) (defense counsel in consolidated Rule 10b-5 securities and RICO class suits.  This decision dismissed more than $1 billion in class damage claims).

### REPRESENTATIVE AUDIT-FIRM SETTLEMENTS

1.        Defense of securities class suit alleging GAAP violations compromised IPO funding, preventing loan repayment. Auditor defendant did not contribute to settlement and negotiated inclusion of a statement in pendency notice as follows: "[T]here were no sufficient factual bases to pursue claims against [the defendant's auditor and] . . . Had an amended complaint been filed [the auditor] . . . would not have been named."

2.        Defense of private and inter-related derivative actions alleging damages in excess of $30 million against *inter alia* auditor defendant.  Auditor Defendant settled for $125,000.

3.        Defense of securities class suit alleging Auditor Defendant violated Rule 10b-5 by failing to disclose defendant sold blocks of stock and improperly issuing an unqualified opinion.  Auditor Defendant paid $215,000 to settle all claims against itself and all successor auditors.

4.        Defense of securities class suit alleging Auditor Defendant violated GAAP by failing to timely detect Chinese employees applying Chinese GAAP instead of US GAAP causing artificial inflation, mispricing of stock and damages. Case settled for less than half projected discovery costs.

**REPRESENTATIVE SECURITIES ARBITRATION DISPUTES**

1.        ICDR Case No. 5 0148T00251 06 (defense counsel to arbitration respondent Egyptian issuer and parent and subsidiary guarantor companies in AAA International Arbitration arising from the first $100 million Euro Bond Offering in the Middle East. This Panel order dated November 7, 2007 denied the claimant banks' guarantee-based summary judgment motion for interim relief seeking in excess of $200 million, finding issues of fact precluded summary judgment on contract breach theory despite the existence of alleged unequivocal guarantees and waivers of defenses).

2.        N.A.S.D. No. 99-04205 (N.A.S.D. Arbitration) (defense counsel to investment banker accused of securities fraud; after five years of arbitration, claimant voluntarily withdrew $10 million in fraud claims against banker, under threat of sanctions).

3.        FINRA Dispute Resolution Arbitration No.: 09-03065 (claimants' counsel claimants seeking damages arising from investment in a municipal arbitrage opportunity fund.  Claimant trustee, a former securities firm branch manager, and individual claimant, head of an equities trading desk, alleged fraud and breach of fiduciary duty based on misrepresentations of risk, a misleading track record and violation of investment guidelines for the product.  After 20 hearing sessions, the Panel issued a $950,000 Claimants' award).

4.        N.A.S.D. No. 05-01325 (N.A.S.D. Arbitration  2006) (claimant's counsel; after settlement for full out-of-pocket damages by broker dealer and 10 hearing sessions against non-settling individual respondents, Panel awarded the claimant, over and above her out of pocket losses, extra-compensatory (benefit-of-the-bargain) damages in the amount of $88,000, $87,000 attorney fees, and $100,000 punitive damages against non-settling brokers, accused of securities fraud).

**REPRESENTATIVE PUBLICATIONS AND CITATIONS**

1.        Adverse Domination, Statutes of Limitations and the *in pari delicto* Defense  - Application in Cases Involving Claims of Accounting Malpractice and Corporate fraud, 37 *Touro Law Review* 697-737 (No. 2, 2021) (co-author Adam Rader) (forthcoming).

2.        RICO Extraterritoriality, *RJR Nabisco* and Shareholder Residence – Determining RICO Domestic Injury, *The RICO and Securities Fraud Law Reporter* 4-37 (Vol. 69, No. 6, June, 2019), reprinted in The Securities Litigation Reform Act Reporter 4-37 (Vol. 47, No. 3, June, 2019),  reprinted in updated and expanded form 35 Touro Law Review 1343 ( No. 4, 2020) (co-author Adam Rader).

3.        When May a Litigant Rely in its Own Complaint on Allegations from Another Complaint filed a Different Action? -- Lipsky *v. Commonwealth United Corp* and Its Progeny – Still an Unresolved Question, 32 *Touro Law Review*101 (No. 2, 2016) (co-author Joseph Johnson).

4.      The Availability of Benefit of the Bargain Expectancy-Based Damages for Buyers Defrauded in California Real Estate Transactions, 31 *Touro Law Review* 1043 (No. 4, 2015) (co-author Robert Conner and Kris Taylor).

5.      Loss Causation, Economic Loss Rules and Offset Defenses – Dismissal Motion Practice After *Acticon A.G. v. China N.E. Petroleum Holdings Ltd.*, 31 *Touro Law Review* 501 (No. 3, 2015) (co-authors Robert E. Conner and Kris Taylor), reprinted in expanded form from 37 *Private Securities Litigation Reform Act Reporter*, (No. 5 at 53, August, 2014).

6.      Determining When Extrinsic Evidence Not Attached to or Incorporated by Reference in a Pleading May be Considered on a Rule 12 Dismissal Motion, 31 *Touro Law Review* 115 (2014) (co-author Rita Turner).

7.      Financial Transparency and Disclosure: China Progress on Corporate Governance, 7 Journal of International Business Ethics 3 (University of Beijing (No. 1, July, 2014) (co-author T. Myers), cited Wasserman-Mitchell, 2:1 *The Business and Finance L. Rev.* 77, 111, n. 156 (Oct. 2018).

8.      Market Impact, Loss Causation and Multiple Regression Modeling -- the Importance of Modular Theories of Damage Causation in Antitrust Class Certification Motion  Practice After *Comcast v. Behrens,* 30 *Touro Law Review* 127 (2014) (co-authors R. Conner and S. Rosenthal), cited 1 *Commercial Damages Remedies in Business Litigation*, ¶ 22.02.

9.      Class Certification After *Comcast* -- Raising the Bar or Changing the Game in Antitrust Litigation?, *Private Securities Litigation Reform Act Reporter*, Vol. 35, Nos. 1 & 2, at 18 (symposium on the effect of *Comcast* on antitrust certification) (April-May, 2013) (co-author Robert E. Conner), cited Hutchinson, *Expert Witnesses Business & Economy*, § 4:8, at n.14 (2014).

10.     Reliance and Loss Causation in Securities Fraud Class Certification Motion Practice After *Halliburton II*, *Private Securities Litigation Reform Act Reporter*, Vol. 52, Nos. 4 and 5 at 16,  (June-July, 2014) (symposium on the effect of *Halliburton II* in Securities Litigation) (co-authors Robert E. Conner and Stuart S. Rosenthal).

11.     Litigating Offset Arguments in Compensatory Damage Litigation and Lead Plaintiff Motion Practice in Class Cases: Are Apparently Inconsistent Outcomes Reconcilable? 3 *Journal of Securities Law, Regulation & Compliance* 150-179 (No. 2, April, 2010) (co-author R. Conner).

12.     Punitive Damages Against Fiduciaries, Probate Cases, and Equitable Relief, 25 *Probate and Property Magazine* 43 (ABA, Issue No. 3,  May/June,  2011) (co-authors J. Pankauski and R. Conner), reprin*ted in expanded form*, Punitive Damages Against Fiduciaries: Allowing Punitive Damages Where Equitable Relief is Sought, 84 *Florida State Bar Journal* 40 (No. 9, November and No. 10, December, 2010, at 42), cited Fla. R. Civil Pro., Rule 1.040, One Form of Action (referenced commentary, Rule 1.040, Fla. Stat. 2011); cited Restatement (Third) of Trusts § 100, Part 6, Ch. 19, Comment d (2012); cited  Administration of Trusts in Florida, Ch. 2 (2014).

13.     The Assertion of Attorney-Client Privilege by Counsel in Legal Malpractice Cases – Policy, Privilege and the Search for Truth in Cases Involving Implied Waivers, 45 *Tort Trial & Insurance Practice Law Journal* 839-891  (ABA, Issue Nos. 3-4, Spring-Summer,  2010) (co-author R. Granofsky), cited *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 2013 WL 4757486, *8 at n. 20 (July 12, 2013); cited Duval, 32 *N. Ill. U. L .Rev.* 1, at  ns. 18, 99, and 177 (2011); cited Darley-Emerson, 80 *U. Cinn. L. Rev.*  537, 541, at n. 27 (2011); cited Perlmutter, 41 *SPG Brief* 46, 55, at n. 81 (2012); cited Reuben, 83 *Fordham L. Rev.* 2131, at n. 77 (2015); cited Beach, 90 *Notre Dame L. Rev.* 1663, 1689, at n. 135 (2015); cited Shachmurove, 37 *N. Ill. U. L. Rev.* 203, 268, at n. 402 (2017).

14.     Can Allegations of Aiding and Abetting Securities Fraud Violations Serve as Proper RICO Predicates Under the Reform Act?, 52 *The RICO Reporter* 157-173 (No. 2, August, 2010).

15.      Index Adjusted Portfolio Damages in Securities and Investment Fraud Litigation/Arbitration, 2 *Journal of Sec. Law, Reg. & Compliance* 360 (No. 4, September, 2009) (co-author R. Conner).

16.     The Unsuitability of the "Suitability Rule" -- Why FINRA's Current Interpretation of Conduct Rule 2310 Undermines Investor "Holding Claim" Entitlements in Contemporary Markets, 2 *Pepperdine Journal of Business, Entrepreneurship and the Law* 122-141 (No. 1, 2009) (co-author R. Conner), reprinted in modified form from *2008 SECURITIES ARBITRATION*, Ch. 15, 177-230 (P.L.I. 2008) (co-authors R. Conner and J. Trainer), cited Winnard, 104 *Nw. U. L. Rev.* 671, at ns.  200, 202 (Spring 2010).

17.      RICO Enterprise Theory in the Seventh and Second Circuits – Should "Prototype Theory" and the "Functional Unity Test" be applied to Corporations and Other Business Entity Enterprises?, 49 *The RICO Reporter* 5 (January, 2009).

18.     Derivative Standing for New York LLC Members – the Conflict Continues, 79 *New York State Bar Journal* 33 (No. 8, October, 2007) (co-authors D. Rothman and Y. Yamamoto), cited *Ribstein and Keatings on Limited Liability Companies*, Sec. 10:3, at n. 7 (2010), cited  Stoner, *New York Practice Series — New York Limited Liability Companies and Partnerships: A Guide to Law and Practice*, Sec. 7:14 at n.2 (April, 2010); discussed in 5b Real Estate Financing §11C.03 (2018).

19.     Using Policy Provisions to Control the Risks Created by Self-Insured Retentions, *Mealey's Litigation Report* (Vol. 21, No. 31, June 21, 2007) (co-authors A. Brouk and J. Zimring).

20.     Privilege and Methodology in Cases Involving Implied Waivers of the Attorney Client Privilege, 20 *Professional Liability Underwriting Society Journal* 6 (April, 2007) (co-author R. Granofsky).

21.      RICO Section 1962(c) Enterprises and the Present Status of the "Distinctness Requirement" in the Second, Third and Seventh Circuits, 42 *RICO Reporter* 284-341, 460-489 (No. 3, Sept., 2005 and No. 4, Oct., 2005), reprinted 21 *Touro Law Review* 1083-1297 (2006) cited

*Llacua v. Western Range Ass'n*, 930 F.3d 1161, 1182-1184 (10th Cir. 2019), <u>cited</u> *U1it4less, Inc. v. Fedex Corp.*, 871 F.3d 199, ns. 9 and 10, and concurrence, n. 1 (2d Cir. Sept. 18, 2017); <u>cited</u> Mitchell, Cunningham and Lentz, 13 *Fordham J. Corp. and Fin. L.* 1, at n. 133 (2008); <u>cited</u> Hemmer, 35 *N. Ky. L. Rev.* 127, at n. 137 (2008); <u>cited</u> Pierson, 85 *Temp. L. Rev.* 523, at n. 172 (2013).

22.     <u>Recurring Problems in Additional Insured Litigation</u>, *Mealey's Litigation Report: Insurance* (Vol. 18, No. 23, April 20, 2004), <u>reprinted</u> *LEXIS-NEXIS MEALY'S ADDITIONAL INSURED WORKBOOK*, at 77-111 (2004) (co-author B. Strikowsky), <u>cited</u> FISHER, SWISHER, STEMPLE, *PRINCIPLES OF INSURANCE LAW*, at 109-110 (3d Ed.) (Supp. 2006).

23.     <u>Securities Fraud Class Suits Again Threaten to Become RICO Battlegrounds</u>, 47 *Defense Research Institute, For the Defense* 12 (No. 12, April, 2005) (co-author S. Getzoff).

24.     <u>Professional Liability Insurance Coverage</u>, *Mealey's Emerging Insurance Disputes* (Vol. 8, No. 18, Sept. 23, 2003) (co-authors E. Portuguese and E. Spindler).

25.     <u>Mitigation of Damages and Undue Risks</u>, *New York Law Journal*, July 7, 2003 at 4, col. 4 (2003) (co-author S. Getzoff).

26.     <u>Mitigation of Damages in Securities Litigation and Securities Arbitration</u>, *2004 SECURITIES ARBITRATION*, Ch. 19, at 585 (P.L.I. 2004) (co-authors R. Conner, C. Bellaire and S. Getzoff), <u>discussed</u> in DAVID ROBBINS, SECURITIES ARBITRATION PROCEDURE MANUAL, § 5-17, at 5-249-250 (2009).

27.     <u>Mitigation of Damages in Commercial and Securities Litigation and Arbitration – When is Proposed Mitigating Conduct Unreasonably Risky?</u>, 2 *Journal of Sec. L., Reg. & Compliance* 103 (No. 2, March, 2009) (co-authors R. Conner, C. Bellaire), <u>reprinted</u> *2009 SECURITIES ARBITRATION* 491, Ch. 13 (P.L.I. 2009).

28.     <u>Defendant's Breach of Own Contract and Tortious Interference</u>, *New York Law Journal*, March 13, 2003 at 4, col. 4 (co-author D. Rothman).

29.     <u>Reviewing Recent Developments in RICO Enterprise Litigation</u>, *New York Law Journal*, January 17, 2002 at 1, col. 1; *reprinted in expanded form*, Corporation/Officer Enterprises and the Distinctness Requirement After Cedric Kushner Promotions, Ltd. v. King, *RICO Law Reporter*, Vol. 35, No. 1, at 5 (Jan. 2002).

30.     <u>Attorney Liability for Securities Fraud After Washington National Life Ins. Co. of New York v. Morgan Stanley & Co</u>., 28 *Sec. Reg. L. J.* 207 (Fall, 2000), cited Steinberg, 56 *Washburn L. J.* 1, at n. 25 (Fall, 2006); <u>cited</u> HAZEN 4 Law Sec. Reg. § 12.25, n. 62 (Jan. 2013).

31.     <u>RICO Prototypes and Impeaching Presidents -- Absurd Applications of Statutory Remedies and the Abuse of Constitutional Safeguards</u>**,** *RICO Law Reporter***,** Vol. 29, No. 1, at 9 (Jan. 1999), <u>reprinted</u> <u>from</u> *New York Law Journal***,** Dec. 31, 1998 at 1, col. 1., <u>Analyzing</u>

Impeachable Offenses Through RICO Prototypes, cited DAVID ROBBINS, SECURITIES ARBITRATION PROCEDURE MANUAL, § 3-5 (2018).

32.    Loss Causation Under Rule 10b-5, a Circuit-by-Circuit Analysis: When Should Representational Misconduct be Deemed the Cause of Legal Injury Under the Federal Securities Law?, *1998 SECURITIES ARBITRATION*, Vol. 1, Ch. 16,  375-538 (P.L.I. 1998), reprinted *RICO Law Reporter*, Vol. 28, No. 2, at 173-231 (Aug. 1998), reprinted *Private Securities Litigation Reform Act Reporter*, Vol. 5, No. 6, at 897-956 (Sept., 1998) (co-author R. Conner), cited Razzano, 4 *The Securities Reporter* at 17 (1999); cited Escoffery, 68 *Fordham L. Rev.* 1781, ns. 16, 92, 94, 125, 152-154, 157, 164, 178, 206, 232, and 363 (April, 2000); cited Foster, 23 Mich. J. Int'l L. 265, 340, n. 213 (2002); cited Van Hoey, 60 *Wash. & Lee L. Rev.* 249, 307, n. 221 (2003); cited Holbrook, 39 *Tx. J. of Bus. L.* 215, 259, ns. 2, 42, 58, 178, 179, 253, 260, 301, 302, 304, 326 (2003); cited Thorson, 6 *Wym. L. Rev.* 623, 656, at n.72 (2006); cited Olazabals, 3 *Berkleley Bus. L. J.* 337, 380, n. 57 (2006).

33.    Construction Industry AIEs - Problems of Contract Interpretation and Solutions, 65 *Defense Counsel Journal* 78-99, January, 1998; (co-author J. Cleary), cited Richmond, 33 *Tort and Ins. L. J.* 945, n.21 (1998); cited Strode, 23 *St. Louis U. Pub. L. Rev.* 697,  ns. 98, 159, 207 (2004); cited Strode, 25-SUM *Constr.* 21, n. 51 (2005).

34.    Computation of Benefit of the Bargain Damages in Rule 10b-5 Bond Fraud Cases, *2001 SECURITIES ARBITRATION*, Vol. II, Ch. 37, at 1127 (P.L.I. 2001) (co-author R. Conner).

35.    1998 Securities Arbitration Damages and Remedies, in *Securities and Mediation and Arbitration -- Effective Advocacy* at 205-251 (Pub. N.Y.S.B.A, Securities Litigation. Committee of the Commercial and Federal Litig. Sec., Fall, 1998), reprinted *1999 SECURITIES ARBITRATION*, ch. 29, at 903-942 (P.L.I. 1999) (co-author C. Hecht), cited Lowenfels & Bromberg, 30 *Seton Hall L. Rev.* 1083, 1113, n. 62 (2000); cited HAZEN 5 Law Sec. Reg. § 14.20, n. 26 (Jan. 2013).

36.    Report and Proposal of the Securities Litigation Committee of the New York State Bar Association on Attorney Compensation in Securities Class Action Cases: Are Counsel Fees in Class Actions Running Away?, *New York Litigator*, Vol. 2, No. 2 at 56-68 (November 1996) (Committee member and principal co-author).

37.    Theories of Civil RICO Accrual, *Civil RICO Report*, Vol. 13, No. 2, May 28, 1997 at 1.

38.    Litigating State Statute of Limitations Defenses in Securities Arbitration, in *1996 SECURITIES ARBITRATION,* Ch. 12, 645-678 (P.L.I. 1996), cited Davis, 62 *Brook. L. Rev.* 1561, 1573 (1996).

39.    Pleading Scienter in Securities Fraud Cases Under Rule 9(b): Is the Pleading of Facts Sufficient to Give Rise to a Strong Inference of Fraudulent Intent Really Incompatible with the Federal Rules?, N.Y.U. School of Law, 1995 Vol., Issue 1, *Survey of American Law* at 99-119 (co-

author K. Moltner), cited Miest, 82 *Minn. L. Rev.* 1103, ns. 41, 46 (1998); cited Dorelli, 31 *Ind. L. Rev.* 1189, n. 28 (1998); cited Briski, 32 *Loyola Univ. of Chicago L. J.* 155, 204, ns. 51, 58, 65 (2000); cited 28 U.S.C.A., FRCP Rule 9 (2015) (pleading special matters, Westlaw, cited reference); cited 28 U.S.C.A., FRCP Rule 56 (2015) (summary judgment, Westlaw, cited reference).

40.    Arbitral Awards in Excess of Actual Damages, New York Law Journal, Jan. 11, 1996 at 1 (co-author R. Conner); cited 9 U.S.C. §9 (2014) (Award of Arbitrators; Westlaw, cited reference).

41.    Corporation/Employee Association-in-Fact Enterprises After Jaguar Cars, *Civil RICO Report*, Vol. 11, No. 6, August 9, 1995 at 8 (co-author K. Moltner), cited and discussed in JEROLD S. SOLOVNY and DOUGLAS REES, *RICO*, Sec. 69.3, text at n. 43.

42.    New Protections for Mid-project Licensed Home Improvement Contractors in New York, *New York Law Journal*, August 23, 1995 at 1, col. 1; reprinted in expanded form, Litigating After-Acquired License Cases, 11 *J. of the Suffolk Academy of L.* 35 (Fall, 1996) (co-author L. Gates).

43.    Computing Damages in Rule 10b-5 Unsuitability Cases: Litigating "Offset" Defenses, in *1994 SECURITIES ARBITRATION*, Ch. 24 at 377-431 (P.L.I. 1994) (co-author R. Conner), cited Berg, *1995 SECURITIES ARBITRATION* 507, 522 (P.L.I. 1995); cited SOUTH CAROLINA DAMAGES, §VI.34.C.6 (2018); cited DAVID ROBBINS, SECURITIES ARBITRATION PROCEDURE MANUAL, § 6.7 (2018).

44.    Securities Arbitration and Contractual Consent: Punitive Damage Remedies in the NASD, *Securities Arbitration Commentator*, Vol. VI, No. 8, Sept. 1994, at 1.

45.    Impairment of Contract in the Absence of Breach: Should Breach Really be an Element of Tortious Interference?, *New York Law Journal*, October 27, 1993, at 1, col. 1 (coauthor M. Karlinsky).

46.    Limiting Termination for Convenience Clauses in Government Contracts: Contractors' Actions for Anticipated Profits Under New York Law, *New York Law Journal*, April 8-9, 1991, at 1, col. 1 (co-author J. Frankel); reprinted 21 *Public Contracts Law Journal* 63, Fall 1991, cited *Hellenic American Neighborhood Action Committee v. City of New York Human Resources Admin.*, *New York Law Journal* Vol. 215, No. 95, at 29, col. 6, May 16, 1996.

47.    Recent Developments in Direct Injury Analysis in the Second Circuit: An examination of the Injury and Causation Elements of RICO Standing, *New York Law Journal*, January 5, 1992, at 1, col. 1, reprinted 15 *RICO L. Rep.* 274, February, 1992 (co-author K. Moltner).

48.    Attorney Inaction as Trial Strategy:  6 *Journal of the Suffolk Academy of Law* 89 (Fall 1989) (co-author P. Daley), cited Gould, *Int'l J. of Law  & Psychiatry* 83, 95, n.96 (1995); cited Wilson, 22 *Wm. Mitchell L. Rev.* 1117, 1171, ns. 144, 147, 157 (1996); cited Van Arsdel, 39 *Hous.*

*L. Rev.* 835, n.252 (2002); <u>cited</u> Cunningham, 76 *Temp. L. Rev.* 827, n.106 (2003); White, 122 *Dickinson L. Rev*. 649, 667, n. 116 (2018).

49.    <u>Risk Arbitrage & Insider Trading: a Functional Analysis of the Fiduciary Concept Under Rule 10b-5</u>, 5 *Touro L. Rev.* 121 (Fall 1988); <u>cited</u> *The Journal of Applied Economy*, Vol. 2, at 87, n. 319 (2009); <u>cited</u> Jen-Guang Lin, 1 KLRI Journal. of Law and Legislation 205, 218, n. 45 (2011); <u>cited</u> Rowley, 9 *Causes of Action, Second Series*, Securities Fraud Under Section 10(b) of the 1934 Act and Rule 10b-5  (May, 2013); <u>cited</u> *The Free Dictionary* (on definition of  "risk arbitrage," "equity arbitrage" and "merger arbitrage") (2013); <u>cited</u> *The Free Library*  (on "Criminal insider trading: prosecution. legislation, and justification," at n. 319) (2013).

50.    <u>Terrorism, Ideology and Rules of International Law</u>, 1 *Touro Journal of Transnational Law* 213-256 (Fall 1988) (co-author), <u>cited</u> *Ahmad v. Wigen*, 726 F. Supp. 389, 407 (E.D.N.Y.  1989) (Weinstein, J.); <u>cited</u> Greene, 16 *Vt. L. Rev*. 461, 498, n.81 (1992); <u>cited</u> Raimo, 14 *Am. U. Int'l L. Rev.* 1473, 1478, n.21 (1999).

## REPRESENTATIVE LAW LECTURES AND SEMINARS

1.     <u>Complexity and Securities Fraud Litigation</u>, Invited Lecturer, New York University, Stern School of Business (November 30, 2011).

2.     <u>Securities Class Suits</u>, Webnar, Invited Lecturer, Fireman's Fund Insurance (October 29, 2009)

3.     <u>Securities Class Suits – Recent Developments</u>, in-house CLE (October 29, 2009).

4.     <u>Litigating Securities and RICO Class Suits After SLUSA</u>, Invited Lecturer regarding the conflict among the Circuit Courts of Appeals on SLUSA pre-emption of state securities claims, Touro Law School (February 22, 2006).

5.     <u>Recent Developments in Civil RICO Jurisprudence</u>, National Meeting of ABA Committee on RICO and Antitrust (Labor Law Section) in Atlanta, Georgia, Invited Lecturer on recent developments in 2004 RICO cases <u>Wyser-Pratte v. Babcock Borsig, AG</u> and <u>Andrea Doreen v. Local 282</u> in which he acted, respectively, as defense and plaintiff RICO counsel (August 8, 2004).

6.     <u>The Effect of 20th Century Philosophy on Contemporary Securities, Derivatives and RICO Litigation</u>, Invited Lecturer, Long Island University (March 16, 2002).

7.     LEXIS Counsel Connect 1995 On-Line Expert Seminars, Securities Arbitration

  *     Chairman, Statutes of Limitations and Eligibility (January-February, 1995)

  *     Chairman, Remedies and Damage Computation (January-February, 1995)

  *     Chairman, Punitive Damages (January-February, 1995)

8.      <u>Pleading Civil RICO Claims in New York Federal Courts</u>, Invited Lecturer, Touro Law School, May 1992

**EXPERT AND LAW-RELATED PROFESSIONAL EXPERIENCE**

**2012-2014      THORNAPPLE ASSOCIATES, INC.**, Summit, New Jersey

<u>Consultant</u> – providing services to attorneys prosecuting or defending Exchange Act, Securities Act or civil RICO claims in litigation/arbitration.

**1985- 1988      LOGICAT CORPORATION**, New York, New York

<u>Senior Logician</u> -- Hiring, training and coordinating activities of ten logic professors who produced problems for the logic section of the Law School Admission Test; developing logical reasoning problem-types and defending correctness of all challenged LOGICAT-produced problems before Educational Testing Service overseeing LSAT production.

**NON-LEGAL PUBLICATIONS**

**2012**      *Nietzsche, Kierkegaard, Dewey and James on Philosophy, Meaning and Resilience*, published as the afterward to Dr. Eric Kreuter's "FOSTERING RESILIENCE FOR LOSS AND IRRELEVANCE" (Pub. Springer, December, 2012).

**2014**      *Maladaptive Schemas and the Transfiguration of Core Beliefs – When and How Paradigms of Consciousness Shift – an Introduction to Dr. Kreuter's and Counselor Moltner's Analysis and Recommendations Regarding the Treatment of Certain Psychic Disorders*, published as the introduction to Dr. Eric Kreuter's "MANAGEMENT AND TREATMENT OF MALADAPTIVE SCHEMAS" (Pub. Springer, August, 2014) (co-author Dr. Lodze Steckman).

**2017**      LIFE TRANSITIONS: THEORY, STRATEGY AND PRACTICE (co-author Dr. Eric Kreuter) (Pub. NOVA SCIENCE PUBLISHERS, 2017).

# James Zak, Partner



James Zak is the co-chair of the PTAB practice group at the firm. He has a unique ability to learn and understand technology across a range of fields. Whether the mechanism of a chemical reaction and synthesis, the properties of materials, relating protein sequences to functional structure, a complex regulatory pathway, the physics of mechanical devices, or thousands of pages of software documentation, he puts in the work to understand the technology. Hecht Partners utilizes James's unique technical tenacity to architect infringement reads and patent assertion strategies, safely shepherding cases through the USPTO, and interfacing with technical experts.

In addition to earning his J.D. cum laude from the University of Minnesota Law School, James earned a B.S. in Biochemistry and a B.S. in Neuroscience. As an undergraduate, he was awarded research grants to investigate A.I. During Law School, James enrolled in the University of Minnesota Graduate School to study pharmacology. Developing a computer program to analyze images acquired with a confocal laser microscope, James continued exploring the application of machine learning to laboratory research.

Prior to joining Hecht Partners, James represented Fortune 500 companies in the areas of computers and A.I., pharmaceuticals, medical devices, chemistry, and materials science.

**PRACTICE AREAS**

•       Intellectual Property

**BAR ADMISSIONS**

• State of Minnesota

**EDUCATION**

J.D., University of Minnesota
B.S., University of Minnesota

# Dr. Sarah Cork, Of Counsel



Dr. Sarah Cork is a seasoned patent attorney with extensive experience advising life sciences companies—from startups to global enterprises—on a wide range of intellectual property matters. She draws on more than a decade of practice in high-stakes life sciences patent and commercial matters at leading international law firms.

Sarah leverages her Ph.D. in Neuroscience and professional training in translational biologic drug discovery to bring scientific depth to her legal practice. Her technical expertise spans a broad array of cutting-edge technologies including immunotherapies, antibody-drug conjugates, AI-enabled precision medicine, cell-free diagnostic techniques, oligonucleotides for spatial transcriptomics and gene silencing, IVF and ocular surgical techniques, medical devices including pen injectors and aortic stents, gene sequencing, recombinant DNA technology, consumables, and biologic and small molecule therapies targeting diabetes, cancer, HIV, and dermatological, urological, and neurological conditions.

Sarah works closely with her clients to protect their innovations and develop IP strategies that support both immediate and long-term business objectives.

Her practice encompasses patent prosecution, IP due diligence, freedom-to-operate analyses, and strategic counseling on patent scope, validity, and enforceability. She also advises on due diligence in licensing and M&A transactions in the life sciences sector.

As a litigator and PTAB practitioner, Sarah is deeply familiar with all phases of a matter, from pre-suit investigation, discovery, and dispositive motion practice through trial and appeal. Her teams rely on her unique ability to craft sophisticated merits arguments and manage technical subject matter experts efficiently.

Sarah has special expertise with biologic drug litigation from her work on flagship cases under the Biologics Price Competition and Innovation Act (BPCIA). Her significant litigation practice also includes diverse pharmaceutical and Hatch-Waxman (ANDA) matters, post-grant proceedings, patent inventorship disputes, and drug product liability cases.

For her achievements, Sarah has been repeatedly ranked by Best Lawyers: Ones to Watch and Super Lawyers: Rising Stars.

Beyond her legal practice, Sarah serves as the Vice President of the Los Angeles Intellectual Property Law Association. She is also actively involved in the SoCal entrepreneurship scene and a member of the Pasadena Angels.

Sarah remains closely engaged with the scientific community, serving as an invited SBIR grant reviewer and a formal advisor and mentor to incubators and accelerators for early-stage life sciences companies. She is committed to mentoring early-career women science professionals and inventors.

**PRACTICE AREAS**
- Intellectual Property & Patent

**BAR ADMISSIONS**
- State of California
- U.S. Patent & Trademark Office
- U.S. Court of Appeals, Federal Circuit

**EDUCATION**
- J.D., University of Michigan-Ann Arbor, cum laude
  - *Editor in Chief, Michigan Telecommunications & Technology Law Review*
- Ph.D., Emory University
- B.S., Duke University, with distinction
  - James B. Rast Departmental Book Award (Comparative Organismal Biology)

---

**Notable Representations**

<u>Patent Litigation and PTAB Practice</u>

- *Genentech, Inc. v. Immunex Rhode Island Corp.*, 19-cv-00602 (D. Del.). Among other victories, represented Amgen in successfully defeating Genentech's attempt to enjoin the at-risk launch of Amgen's anti-cancer AVASTIN biosimilar (bevacizumab), as the district court and Federal Circuit agreed with Amgen's interpretation of the BPCIA, leading to favorable settlement.

- *Impossible Foods, Inc. v. Motif FoodWorks, Inc.*, 22-cv-00311 (D. Del.). Represented Motif in district court and PTAB in multi-patent litigation on genetic expression systems and recombinant food technology, leading to patent invalidation and favorable settlement.

- *10x Genomics, Inc. v. Vizgen, Inc.*, 22-cv-00595 (D. Del.). Represented Vizgen in multi-patent and antitrust litigation over oligo-based spatial transcriptomics cellular imaging technology, resulting in favorable settlement.

- *Natera, Inc. v. CareDx, Inc.*, 20-cv-00038 (D. Del.). Represented Natera in multi-patent infringement dispute over transplant rejection testing technologies, leading to eight-figure trial verdict.

- *SynAffix B.V. v. Hangzhou DAC Biotech Co., Ltd.*, IPR2022-01531. Represented patentee DAC in obtaining denial of institution of *inter partes* review on linker technology for antibody-drug conjugates.

- *Regeneron Pharms., Inc. v. Samsung Bioepis, Inc.*, 23-cv-00094 (N.D. W. Va.). Represented Bioepis in pending BPCIA litigation and related IPRs concerning EYLEA biosimilar (aflibercept) for the treatment of retinal diseases.

- *Sanofi-Aventis U.S. LLC v. Merck Sharp & Dohme Corp.*, 16-cv-812 (D. Del.). Represented Sanofi in Hatch-Waxman litigation over market-leading LANTUS recombinant insulin product (insulin glargine), leading to favorable settlement.

- *Sumitomo Dainippon Pharma Co. v. Emcure Pharm. Ltd.*, 15-cv-280 (D.N.J.). Represented plaintiff-patentees in multi-jurisdictional Hatch-Waxman litigation concerning atypical antipsychotic agent LATUDA (lurasidone HCl), leading to favorable settlement.

- *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 15-cv-1202 (E.D. Tex.). Represented plaintiff-patentee in infringement dispute concerning methods of treating benign prostatic hyperplasia using phosphodiesterase inhibitors, resulting in an eight-figure judgment.

Inventorship and Commercial Litigation

- *Nektar Therapeutics v. Eli Lilly & Co.*, 23-cv-03943 (N.D. Cal.). Represented Nektar in pending breach of contract dispute relating to development of an IL-2 derivative drug candidate for autoimmune disorders.

- *Gilead Tenofovir Cases*, CJC-19-005043 (Cal. Super. Ct.) and related federal cases. Represented Gilead in drug product liability litigation concerning the development of small-molecule therapies for HIV. This case, which has attracted more than 100 amici and is currently pending before the California Supreme Court, involves the question of whether a manufacturer of a non-defective product has a duty to develop, without delay, a different product that is safer for some consumers.

- *Altaire Pharms. Inc. v. Paragon BioTeck Inc.*, 17-cv-01837 (E.D.N.Y.); PGR2015-00011. Represented Altaire in inventorship litigation over alleged misappropriation of ophthalmic drug invention in defendant's patent, leading to favorable settlement. Among other victories, the Federal Circuit agreed that Altaire had Article III standing to appeal a PGR final written decision of the patent and reversed and vacated the PTAB.

- *Previvo Genetics, LLC v. Pagidas*, 16-cv-02261 (N.D. Cal.). Represented Previvo in patent inventorship dispute over novel *in vitro* fertilization technologies, leading to favorable settlement.

**Thought Leadership**

S.M. Cork *et al., A furin/MMP-14 proteolytic cascade releases a novel 40 kDa vasculostatin from tumor suppressor BAI1,* 31 Oncogene 5144–52 (2012)

S.M. Cork &amp; E.G. Van Meir, *Emerging roles for the BAI1 protein family in the regulation of phagocytosis, synaptogenesis, neurovasculature and tumor development,* 89 J. Mol. Med. 743–52 (2011)

B. Kaur, S.M. Cork, *et al. Vasculostatin inhibits intracranial glioma growth and negatively regulates in vivo angiogenesis through a CD36-dependent mechanism,* 69 Cancer Res. 1212–20 (2009)

*Michigan Telecommunications & Technology Law Review,* Editor in Chief



# Kinza Hecht, Of Counsel

With almost a decade-and-a-half of patent experience, Kinza Hecht has drafted and procured hundreds of patents for some of the world's leading technology companies. She has prosecuted for Google, AT&T, Red Hat, and Siemens, among many others. Her years of experience in patent prosecution and reexamination give her deep insight into a patent's vulnerabilities, enabling her to draft patents that deter future challenges. Kinza, a registered patent practitioner since 2008,  focuses on hardware and software technologies, including mobile devices, operating system and applications software, computer peripheral devices and control methods, network security, medical devices, e-commerce, semiconductors, and telecommunications.

Kinza works with both large corporations and startups. She specializes in assisting corporations create a budget for their intellectual property needs and managing worldwide patent dockets.

Kinza holds a Bachelor's degree in Electrical Engineering from the University of Windsor, where she went on to complete her Master's coursework in the same field. She most recently attended Rutgers University School of Law - Newark.

Kinza has worked at several well-regarded firms in New York and New Jersey, including Lowenstein Sandler.

**PRACTICE AREAS**
- Intellectual Property & Patent

**BAR ADMISSIONS**
- State of New York
- U.S. Patent & Trademark Office

**EDUCATION**

Rutgers University School of Law (Completed first year law school requirement under §520.4 of the Rules of the Court of Appeals for the Admission of Attorneys and Counselors at Law)

B.S., University of Windsor, School of Engineering, Electrical Engineering (M.S., coursework completed)



# Patrick Maloney, Of Counsel

Patrick Maloney represents clients in a range of intellectual property disputes and has significant experience representing patent owners in patent post-grant proceedings, including *inter partes* reviews (IPRs), covered business method reviews, and *ex parte* reexaminations.

Before joining Hecht Partners, Patrick spent a decade at leading post-grant litigation boutiques. Patrick got his start in post-grant litigation in 2013, shortly after IPRs were created by the America Invents Act. Since then, Patrick has represented clients in over 200 post-grant proceedings before the Patent Trial and Appeal Board, securing numerous wins at both the institution and final written decision stages. Patrick has also successfully represented parties in District Court litigation and before the Federal Circuit Court of Appeals.

Along with his litigation practice, Patrick also counsels startups and small businesses looking to develop and protect their intellectual property. Patrick previously worked in the University of Southern California's Stevens Center for Innovation, helping to evaluate, manage, and license intellectual property developed at USC.

Patrick is a registered patent attorney with a background in chemistry who has handled matters involving a range of technologies, including telecommunications, streaming media distribution, medical devices, diagnostics, circuitry, network access control, secure electronic transactions, and antenna design.

Patrick has been recognized for his extensive work in *inter partes* review. In 2021, Patrick was ranked 9th on Managing IP's list of top lawyers for patent owners in IPRs filed in 2021. In 2020, Patexia ranked Patrick as number 19 on its list of most-active patent owners' counsel in IPRs since 2015.

Patrick is also actively involved in the patent community. He currently serves on the Board of Directors for the Los Angeles Intellectual Property Law Association. Patrick is also heavily involved in the PTAB Bar Association, where he is a vice-chair on the Appeals from the PTAB Committee. Patrick appears in webinars and panel discussions for both organizations and has authored numerous articles on recent developments in patent law.

**PRACTICE AREAS**
- Intellectual Property & Patent

**BAR ADMISSIONS**
- State of California
- United States Patent and Trademark Office

**EDUCATION**

J.D., University of California, Davis, School of Law senior editor, *Environs* Environmental Law and Policy Journal president, Jewish Law Student Association
B.S., Chemistry, University of California, Davis.

# Wen Wu, Of Counsel



Wen Wu is a Of Counsel at Hecht Partners with a focus on all aspects of intellectual property litigation. This includes patent cases, where he has represented high-profile clients in complex litigations across a wide range of technologies, including biometric authentication, nano-particles, mobile devices, pharmaceuticals (particularly Hatch-Waxman), peer-to-peer systems, financial trading software, and tissue grafting. Wen's patent experience extends to all levels of disputes, ranging from *inter partes* review at the Patent Trial and Appeal Board, extensive trial experience in federal district courts, and appeals at the Federal Circuit. Wen also represents clients extensively in high-profile trademark disputes between luxury watch brands and trailblazing cases over copyright for choreography.

Wen has previously practiced at the law firms of Alston & Bird and Pierce Bainbridge Beck Price & Hecht, and graduated *cum laude* from Fordham University School of Law. Prior to his law career, Wen was a computer programmer and holds a B.S. in Information Technology from Rochester Institute of Technology.

**PRACTICE AREAS**
- Intellectual Property & Patent

**BAR ADMISSIONS**
- State of New York
- U.S. Court of Appeals, Second Circuit
- U.S. Court of Appeals, Third Circuit
- U.S. Court of Appeals, Federal Circuit
- U.S. District Court, Southern District of New York
- U.S. District Court, Eastern District of New York
- U.S. District Court, Eastern District of Texas

**EDUCATION**
J.D., Fordham University School of Law
B.S., Rochester Institute of Technology

# Brittany L. (Brown) Sackrin, Senior Counsel



Brittany L. (Brown) Sackrin is an associate in Hecht Partner's Class Action Practice Group. Brittany earned her Bachelor of Science degree in Business Administration (Finance) at the University of Florida. Brittany then graduated near the top of her class with honors from the University of Miami School of Law, where she was an inaugural member of the school's Investor Rights Clinic through which she passionately represented investors in securities arbitration claims before FINRA.

While in law school, Brittany also interned with the U.S. Securities and Exchange Commission's trial unit in its downtown Miami office. She was a member of the University of Miami Trial Team, and was awarded a scholarships for her performance in the Litigation Skills Program and for her demonstrated academic achievement in the interrelationship between law and economics.

Before joining the firm, Brittany was an associate at one of the largest securities defense litigation law firms in the country, where she focused her practice on complex securities litigation, specifically class and derivative actions with an emphasis on securities and regulatory matters.

Brittany is a passionate advocate for plaintiffs where she focuses her practice representing plaintiffs in consumer fraud class actions. Her class action experience includes significant time spent working on privacy and data breach cases, including working closely with lead counsel on privacy cases against Meta Platforms, Inc., *In Re Meta Pixel Tax Filing Cases*, 3:22-cv-07557 (N.D. Cal.), and Google, LLC, *Smith v. Google, LLC*, 5:23-cv-03527 (N.D. Cal.). Brittany is also involved in representing parents and children in cases alleging privacy violations against educational technology companies.

Brittany's data breach experience spans a variety of different industries and includes *Geleng v. Independent Living Systems, LLC*, No. 23-cv-21060-KMW (S.D. Fla.), *In re Shields Health Care Grp., Inc.*, 1:22-cv-10901 (D. Mass.), *Fleet v. Southern Orthopedic Associates, P.S.C.*, 5:22-cv-00109 (W.D. Ky.), *Tate v. EyeMed Vision Care, LLC*, 1:21-cv-00036 (S.D. Ohio), *Hollandsworth v. Highmark Health*, 2:23-cv-00376 (W.D. Penn.), *Skurauskis v. NationsBenefits Holdings, LLC*, 0:23-cv-60830 (S.D. Fla.), *In re: Canon Data Breach Litig.*, 1:20-cv-06239 (E.D.N.Y.), *In re Waste Mgmt. Data Breach Litig.*, 1:21-cv-06199 (S.D.N.Y.), *Bowen v. Paxton Media Grp., LLC*, 5:21-cv-143 (W.D. Ky.), *In re Morgan Stanley Data Sec. Litig.*, 1:20-cv-05014 (S.D.N.Y.), and *In re Lakeview Loan Servicing Litig.*, Case No. 1:22-cv-20955 (S.D. Fla.), among others.

Brittany also has significant experience litigating class action cases involving heavy metals and other contaminants in consumer products, including working closely with lead counsel in a case relating to heavy metals in baby food, *In re Nurture Baby Food Litig.*, 1:21-cv-01217 (S.D.N.Y.).

Through her work representing plaintiffs in class actions, Brittany has honed her skills in researching and drafting briefs, vetting and evaluating plaintiffs and class representatives, and engaging in and guiding clients through the discovery process, as well as working collaboratively and in conjunction with all plaintiffs' counsel.

She was appointed to the Executive Committee in *Geleng v. Independent Living Systems, LLC*, 23-cv-21060-KMW (S.D. Fla.) through which she led the Defensive Discovery Subcommittee.

Brittany is a zealous advocate for those seeking justice and brings her attention to detail and expert legal research and writing skills to all her cases.

**PRACTICE AREAS**

- Consumer and Securities Class Action Litigation

**BAR ADMISSIONS**

- State of Florida

**EDUCATION**

J.D., University of Miami Law School
B.S. University of Florida, Business Administration - Finance



# J. Tanner Murphy, Senior Associate

Tanner is a senior associate at Hecht Partners. His practice primarily focuses on complex intellectual property and commercial disputes. He has robust experience representing and defending clients in federal and state courts through all phases of litigation including pre-suit analysis, discovery, motion practice, and trial. Tanner strives to deliver results that align with his client's business objectives. Tanner graduated *cum laude* from the University of Miami with a B.A. in Economics. He graduated from Suffolk University Law School *with distinction.*

His pro bono work includes representing indigent criminal defendants in Massachusetts state courts.

**PRACTICE AREAS**
- Intellectual Property
- General Litigation

**BAR ADMISSIONS**
- State of Massachusetts

**EDUCATION**
J.D., Suffolk University Law School
B.A., University of Miami

# Justin Alvarez-Herman, Associate



Justin Alvarez-Herman is an Associate in Hecht Partner's Class Action Practice Group, resident in the New York Office. Since joining HP, Justin's practice has primarily focused on class action litigation with an emphasis on data privacy, cybersecurity, and consumer protection. Justin earned his bachelor's degree in political science from the State University of New York at New Paltz, and his J.D. from Brooklyn Law School, where he was awarded multiple scholarships for his academic achievements.

Prior to joining the firm, Justin worked at a boutique litigation firm where his practice encompassed class actions, consumer protection, civil rights, municipal representation, and commercial litigation. His experience includes work on several wrongful death lawsuits concerning the Fisher-Price Rock 'n Play Sleeper; a class action against one of New York State's largest counties alleging discrimination in its tax assessment process; matters involving survivors of childhood sexual assault pursuing justice under New York's Child Victims Act; and a lawsuit against a New York university alleging violations of Title IX and state law.

Justin earned his bachelor's degree in political science from the State University of New York at New Paltz and his J.D. from Brooklyn Law School, where he was awarded multiple scholarships in recognition of his academic achievements.

Outside of his legal practice, Justin's interests include political theory, astronomy, and sports.

**PRACTICE AREAS**
- Class Action Litigation

**BAR ADMISSIONS**
- State of New York
- U.S. District Court Southern District of New York.

**EDUCATION**
J.D., Brooklyn Law School
B.S. State University of New York at New Paltz

# Krista K. Freier, Associate



Krista is an associate in the Class Action Practice Group and has extensive experience in complex litigation, products liability, and consumer protection cases. Krista is a member of the Leadership Committee in *In re Allianz Life Insurance Company of North America Data Incident Litigation*, case number 0:25-cv-2777-KMM-JFD (D. Minn.).

Krista is a 2009 graduate of Hamline University School of Law where she was a Student Attorney in Hamline's Child Advocacy Clinic and interned with the Honorable Gregory G. Galler in Minnesota State Court. While attending law school, Krista clerked with the Hennepin County Attorney's Office in the divisions of Juvenile Prosecution-Victim Witness and Child Support. Previously, Krista was an associate at a law firm practicing in class action litigation and worked for the University of Minnesota and a local nonprofit organization.

**PRACTICE AREAS**
- Class Action Litigation

**BAR ADMISSIONS**
- State of Minnesota
- U.S. District Court Northern District of Illinois

**EDUCATION**
J.D., Hamline University
B.A. Concordia College



# Catherine A. Peterson, Associate

Catherine Peterson practices in Hecht Partner's Class Action Practice Group. Catherine is an experienced class action lawyer and has represented victims in a wide variety of consumer class actions. Krista is a member of the Leadership Committee in *In re Allianz Life Insurance Company of North America Data Incident Litigation*, case number 0:25-cv-2777-KMM-JFD (D. Minn.).

Prior to joining HP, and in addition to her experience as a class action lawyer, she practiced immigration law, representing clients before the Immigration Court, United States Citizenship and Immigration Services, and Federal Court. She also served on the staffs of U.S. Senator Byron Dorgan, U.S. Senator Kent Conrad, and U.S. Senator Heidi Heitkamp. She has experience on political campaigns and assisting with political compliance matters. Catherine has also served over 15 years in the Army National Guard.

**PRACTICE AREAS**

- Class Action Litigation
- Product Liability
- Consumer Fraud Litigation

**Professional Associations**

- American Legion
- American Legion Auxiliary
- American Immigration Lawyers Association
- 

**BAR ADMISSIONS**

- State of Minnesota
- State of Virginia
- 

**EDUCATION**

J.D., University of North Dakota School of Law in Grand Forks
Texas A&M University



# Tiffany Wong, Associate

Tiffany Wong is an Associate in HP's Class Action Practice Group and is based in HP's New York office.

Tiffany's practice is primarily focused on consumer protection and data privacy litigation across a wide variety of industries. She is a graduate of Brooklyn Law School, where she was awarded scholarships for her academic achievements, multiple CALI Excellence for the Future Awards, and the Robert A. Morse Memorial Prize.

Prior to joining the firm, Tiffany was an associate at an intellectual property litigation firm where she was focused on copyright litigation, particularly in representing small businesses and individuals against large corporations. As a daughter of immigrants, she is also passionate about both corporate and humanitarian immigration law.

**PRACTICE AREAS**
- Class Action Litigation

**BAR ADMISSIONS**
- State of New York
- U.S. District Court Southern District of New York.
- U.S. District Court Eastern District of New York.

**EDUCATION**
J.D., Brooklyn Law School
B.S. Fashion Institute of Design and Merchandising, Los Angeles, California