UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION**, and **SURF PEDIATRICS & MEDICINE P.C.**, on behalf of themselves and all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00644-WMC-AMB |
| **MARYLOU PEIXOTO**, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC. and ALIGN CREDIT UNION**,<br><br>*Defendants*. | Case No.: 3:26-CV-00658-WMC-AMB |
| **JOHNA NIVENS**, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00659-WMC-AMB |
| **LINDA KROUTTER**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v. | Case No.: 3:26-cv-00661-WMC-AMB |

| | |
|---|---|
| **TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | |
| **KENNETH MEL S. DELIN**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00665-WMC-AMB |
| **JENNIFER BRAZIER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00670-WMC-AMB |
| **MOZZELL BROWN**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00672-WMC-AMB |

| | |
|---|---|
| **ANDREA BELLEY**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00678-WMC-AMB |
| **JEFFREY TURNER**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00680-WMC-AMB |
| **NINA LYLE-DOUVILLE**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00681-WMC-AMB |
| **HANNAH BLACKMON**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00683-WMC-AMB |

| | |
|---|---|
| **RANDALL LANDERS**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.** and **FIRST F INANCIAL FEDERAL CREDIT UNION**,<br><br>*Defendants.* | Case No.: 3:26-cv-00688-WMC-AMB |
| **RUTHIE COLEMAN**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.** and **BOWATER EMPLOYEES CREDIT UNION**,<br><br>*Defendants.* | Case No.: 3:26-cv-00692-WMC-AMB |
| **TAMMY COLLETTE**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUSTAGE FINANCIAL GROUP, INC.**<br><br>*Defendant.* | Case No.: 3:26-cv-00698-WMC-AMB |

**JOINT MOTION TO CONSOLIDATE AND STAY**

Plaintiffs Bessemer System Federal Credit Union a/k/a Switch Federal Credit Union ("Bessemer FCU"), Surf Pediatrics & Medicine, P.C. ("Surf Pediatrics"), MaryLou Peixoto, Johna Nivens, Linda Kroutter, Kenneth Mel S. Delin, Jennifer Brazier, Mozzell Brown, Andrea Belley,

Jeffrey Turner, Nina Lyle-Douville, Hannah Blackmon, Randall Landers, Ruthie Coleman, and Tammy Collette (collectively, "Plaintiffs"), together with Defendants TruStage Financial Group, Inc. ("TruStage") and Align Credit Union ("Align" and, together with TruStage, "Defendants") (collectively, with Plaintiffs, the "Parties"), move this Court for an order, pursuant to Federal Rule of Civil Procedure 42(a), administratively consolidating the above-captioned actions ("Related Actions") and any similar and related future-filed actions arising from the alleged July 2026 cybersecurity incident at TruStage (the "Incident").

The Parties jointly request that the Court stay the subject actions, to permit TruStage to continue its investigation into the Incident and, crucially, determine to whom, if anyone, it will be required to send breach notice letters. Every 60 days, beginning 60 days after the Court's Order granting this Motion, the Parties shall file a joint status report with the Court, advising the Court of the status of TruStage's investigation and the Parties' position(s) as to a continuation of the stay.

Finally, to aid in the efficient early administration of the case during the pendency of the proposed stay, Plaintiffs request that the Court designate temporary lead counsel on behalf of the two current Plaintiff groups: 1) commercial entities, and 2) individuals. The two groups of Plaintiffs have potentially divergent interests. As such, designating temporary counsel to speak on behalf of each of those groups of Plaintiffs during the pendency of the stay ensures that each group's interests are adequately considered, while promoting efficiency by limiting the number of attorneys who are responsible for coordinating with counsel for Defendants and the Court. Plaintiffs propose that the Court designate Lori G. Feldman of Hecht Partners LLP and Charles J. Nerko of NERKO PLLC as temporary lead counsel on behalf of the commercial entity Plaintiffs, and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP and Philip J. Krzeski of Chestnut Cambronne PA as temporary lead counsel on behalf of individual Plaintiff group.

Defendants take no position as to Plaintiffs' proposal for temporary lead counsel, including proposed lead counsel. Defendants do not concede that any Plaintiffs, or either of the respective "Plaintiff groups," will have viable claims in this litigation.

Plaintiffs' counsel in the above-captioned matters have conferred and collectively support consolidation and the proposed leadership structure. Plaintiffs have conferred with Defendants' counsel, and Defendants join the request to consolidate and temporarily stay the above-referenced actions.

## I. BACKGROUND

Defendant TruStage is a financial service and insurance provider catering to credit unions and individual consumers. On or around July 11, 2026, Defendant experienced a cybersecurity attack. TruStage's investigation concerning the nature and scope of the Incident is ongoing, and it has yet to determine to whom, if anyone, it will be required to send notice letters. That determination will have a material impact on the nature of and parties in this litigation.

The Related Actions consist of the following actions. On July 17, 2026, Plaintiff Bessemer System Federal Credit Union filed its Class Action Complaint in the Western District of Wisconsin. *Bessemer System Federal Credit Union v. TruStage Financial Group, Inc.*, No. 3:26-cv-00644 (the "*Bessemer* Action").[1] On July 20, 2026, Plaintiff MaryLou Peixoto filed the first-filed action on behalf of consumers arising out of the Incident: *Peixoto v. TruStage Financial Group, Inc.*, No. 3:26-cv-00658 (the "*Peixoto* Action"). In the following days, 12 additional actions were filed on behalf of consumers in the Western District of Wisconsin (collectively, the "Related Actions").[2]

[1] On July 31, 2026, an amended complaint was filed in the *Bessemer System Federal Credit Union* action adding Surf Pediatrics and Medicine, P.C., as a named plaintiff in that action. *See* Amended Class Action Complaint and Jury Trial Demand, Dkt. 9.

[2] *Johna Nivens v. TruStage Financial Group, Inc.*, No. 3:26-cv-00659; *Linda Kroutter v. TruStage Financial Group, Inc.*, No. 3:26-cv-00661; *Kenneth Mel S. Delin v. TruStage Financial Group,*

All actions are currently assigned to Judge William M. Conley and Magistrate Judge Anita Marie Boor.

On July 23, 2026, Plaintiffs in the then-pending actions filed, in the *Bessemer* Action, a Motion to Consolidate Cases and Appoint Counsel pursuant to Rule 42, which requested two separate litigation tracks, and appointment of interim co-lead counsel on behalf of each track. Dkt. 6. On July 31, 2026, following the filing of additional actions, Plaintiffs filed in the *Bessemer* Action an Amended Motion to Consolidate Cases and for Appointment Interim Co-Lead Counsel. *See* Dkt. 9.

On July 29, 2026, Judge Boor entered an Order, noting that 13 class action lawsuits had been filed against TruStage. *See* Dkt. 8. Because no defendant had yet appeared in any of the Related Actions, the Order set a September 24, 2026, deadline for Defendants to respond to the amended motion to consolidate to align with the deadline to answer or otherwise respond to the complaints. *See* Dkt. 8; Aug. 6, 2026, Order setting deadlines.

Following the filing of the amended motion to consolidate, counsel for Plaintiffs and counsel for Defendants discussed the pending motion for consolidation and Defendants' position. The Parties met and conferred regarding the motion on numerous occasions. As a result of that discussion, the Parties were able to reach a joint position, which is set forth in this Joint Motion.

---

*Inc.*, No. 3:26-cv-00665; *Jennifer Brazier v. TruStage Financial Group, Inc.*, No. 3:26-cv-00670; *Mozzell Brown v. TruStage Financial Group, Inc.*, No. 3:26-cv-00672; *Andrea Belley v. TruStage Financial Group, Inc.*, No. 3:26-cv-00678; *Jeffrey Turner v. TruStage Financial Group, Inc.*, No. 3:26-cv-00680; *Nina Lyle-Douville v. TruStage Financial Group, Inc.*, No. 3:26-cv-00681; *Hannah Blackmon v. TruStage Financial Group, Inc.*, No. 3:26-cv-00683; *Randall Landers v. TruStage Financial Group, Inc.*, No. 3:26-cv-00688; *Ruthie Coleman v. TruStage Financial Group, Inc., et al.*, No. 3:26-cv-00692; and *Tammy Collette v. TruStage Financial Group, Inc., et al.*, No. 3:26-cv-00698.

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"It is within the court's broad managerial discretion to prevent 'unnecessary duplication of effort in related cases' through consolidation or other means." *More v. Callahan*, No. 12-cv-905-bbc, 2014 WL 2890812, at *2 (W.D. Wis. 2014) (quoting *SanDisk Corp. v. Phison Electronics Corp.*, 538 F.Supp.2d 1060, 1068 (W.D. Wis. 2008)). Consolidation is appropriate if multiple actions "involve a common question of law or fact." *One Wisconsin Institute, Inc. v. Thomsen*, No. 15-cv-324-jdp, 2020 WL 4887026, at *1 (W.D. Wis. 2020). Courts applying Rule 42(a) balance "judicial economy concerns with any countervailing considerations of equity." *Id*. Consolidation of the Related Actions is appropriate here because the complaints assert common factual allegations purportedly arising from the Incident.

The Related Actions challenge TruStage's conduct surrounding the Incident. The complaints allege Plaintiffs and Class Members suffered harm because of TruStage's and other Defendants' failure to properly secure and protect their sensitive information. They also assert common causes of action against TruStage related to the same Incident and seek similar relief. Additionally, the consumer Plaintiffs seek certification of overlapping classes, and the *Bessemer* Action seeks certification of a class consisting of credit unions and businesses that were allegedly impacted by the Incident. Indeed, the Court recognized the overlapping claims and allegations in the July 29 Order, where it noted that the Plaintiffs in each case make similar allegations "that

TruStage failed to properly secure and safeguard private and conditional information during a data security incident and breach . . . ." *See* Dkt. 8.

Further, consolidation will promote judicial economy, efficiency, and convenience by avoiding unnecessary duplication of procedure and the risk of inconsistent and ultimately inefficient adjudications. The Related Actions are at the same stage of litigation, as counsel for TruStage and Align have only recently appeared and have not yet responded to any of the complaints. Counsel for other Defendants have yet to appear. At this stage, the Parties agree that consolidation will be efficient, as the Related Actions will be subject to the same initial timeline, reduce the number of filings made to the Court concerning the status of TruStage's investigation and the stay, and designate a limited number of counsel responsible for conferring with Defendants and reporting to the Court on behalf of Plaintiffs.

For the foregoing reasons, consolidation of the Related Actions will prevent duplicative and inconsistent pretrial rulings and promote judicial economy and efficiency. The Parties request that the Court consolidate the Related Actions under the docket number in the first filed case, No. 3:26-cv-00644, and under the title *In re: TruStage Data Incident Litigation*.

**B. The Court Should Temporarily Stay the Related Actions**

As noted above, TruStage's investigation into the Incident is ongoing. The Parties jointly request that the Court temporarily stay the Related Actions to permit TruStage to continue to conduct the investigation. This will include, for example, determining the nature of any impacted data and to whom, if anyone, TruStage may need to send breach notice letters. By way of example only, Plaintiff in the *Peixoto* Action alleges that "Plaintiff's and Class Members' names, contact information, dates of birth, Social Security numbers, and financial account information were

"'compromised.'" *See Peixoto* Complaint at ¶ 2. TruStage cannot respond to this allegation until it conducts its investigation.

At this early stage, Defendants are unable to take a position on Plaintiffs' request that the Court create multiple separate litigation tracks, and Defendants do not concede the allegations in any of the complaints are accurate or that any Plaintiffs have viable claims.[3] Some courts have previously ordered similar stays at the inception of large data breach actions, including in the action *In re Allianz Life Insurance Company of North America Data Incident Litigation*, No. 25-cv-2777, Dkt. 21 (D. Minn. Aug. 18, 2025).

And, in furtherance of keeping the Court informed of the status of TruStage's investigation and the necessity of continuing the stay, the Parties will file a Joint Status Report every 60 days, beginning 60 days after the Court's Order granting this Motion.[4] Frequent Joint Status Reports ensure that the Parties will be able to re-commence litigating the claims as soon as is practicable.

Finally, Defendants and the commercial entity Plaintiffs may be subject to laws or regulations that require them to conduct risk assessments or provide consumer or regulatory notices regarding the Incident. Defendants and the commercial entity Plaintiffs will continue to abide by their obligations during the limited stay.

### C. The Court Should Designate Interim Lead Counsel for the Different Plaintiff Groups

As the Court noted in the July 29 Order, there are currently 14 Related Actions pending against TruStage and other named defendants. To promote efficiency, Plaintiffs request that the

---

[3] The Parties jointly request that the Court stay Defendants' deadline to response to the Amended Motion to Consolidate Case and Appoint Interim Co-Lead Counsel and hold the motion in abeyance.

[4] The imposition of a stay expressly does not prevent any party from seeking emergency relief from the Court or requesting that the Court lift the stay ahead of the deadline.

Court designate attorneys on behalf of the commercial entity Plaintiffs and individual consumer Plaintiffs, respectively, to confer with Defendants to submit the joint status reports to the Court. Limiting the number of firms and attorneys responsible for supervising the action at this stage will avoid unnecessary duplication and permit each Plaintiff group to speak with a unified voice concerning whether the stay should be continued or lifted.

Counsel for Plaintiffs conferred amongst themselves and request that the Court designate the following attorneys as the temporary lead counsel on behalf each Plaintiff group: for the commercial entity Plaintiff group: Lori G. Feldman and Charles J. Nerko; and for the individual consumer Plaintiff group: Nickolas J. Hagman and Philip J. Krzeski.

Counsel for Plaintiffs conferred with counsel for Defendants on the temporary lead counsel appointment. Defendants do not oppose the designation of temporary lead counsel for the different Plaintiff groups and take no position on the specific attorneys designated as temporary lead counsel during the pendency of the stay.

## III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant their Motion, consolidate and stay the Related Actions, and order the Parties to submit a Joint Status Report every 60 days to advise the Court on the status of TruStage's investigation and the Parties' position(s) as to the need for a continued stay. Additionally, Plaintiffs request that the Court appoint Lori G. Feldman and Charles J. Nerko as temporary lead counsel on behalf of the commercial entity Plaintiff group, and appoint Nickolas J. Hagman and Philip J. Krzeski on behalf of the individual consumer Plaintiff group. A proposed order is attached hereto.

Respectfully submitted,

Dated: September 15, 2026

*/s/ Nickolas J. Hagman*
Nickolas J. Hagman

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: 312.782.4880
nhagman@caffertyclobes.com

*Counsel for Plaintiffs MaryLou Peixoto, Johna Nivens, Linda Kroutter, and the Proposed Class*

Kara A. Elgersma
**WEXLER, BOLEY & ELGERSMA LLP**
311 S. Wacker Drive, Suite 5450
Chicago, Illinois 60606
Telephone: (312) 346-2222
kae@wbe-llp.com

David L. Hecht*
Lori G. Feldman*
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821
dhecht@hechtpartners.com
lfeldman@hechtpartners.com

Charles J. Nerko
Walter E. Swearingen*
Neil P. Diskin*
**NERKO PLLC**
1178 Broadway, 3rd Floor
New York, New York 10001
Telephone: (518) 363-9100
cnerko@nerko.com
wswearingen@nerko.com
ndiskin@nerko.com

*Attorneys for Plaintiff Bessemer System Federal Credit Union and Surf Pediatrics & Medicine P.C.*

Leigh S. Montgomery*
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
420 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (888) 350-3931
lmontgomery@eksm.com

*Counsel for Plaintiff MaryLou Peixoto and the Proposed Class*

Jonathan S. Mann*
**PITMAN, DUTTON, HELLUMS, BRADLEY & MANN, P.C.**
2001 Park Place North, Suite 1110
Birmingham, Alabama 35203
Telephone: (205) 322-8880
jonm@pittmandutton.com

*Attorneys for Plaintiff Linda Kroutter and the Proposed Class*

Philip J. Krzeski
Bryan L. Bleichner*
**CHESTNUT CAMBRONNE PA**
100 Washington Ave. S, Suite 1700
Minneapolis, Minnesota 55401
Telephone: (612) 339-7300
pkrzeski@chestnutcambronne.com
bbleichner@chestnutcambronne.com

*Attorneys for Plaintiff Kenneth Mel S. Delin and the Proposed Class*

Gary M. Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
Email: gklinger@milberg.com

*Attorney for Plaintiff Andrea Belley*

* *Pro hac vice* applications forthcoming

*/s/ Francis X. Nolan, IV*
Francis X. Nolan, IV
Alexander P. Fuchs
Alexander K. Bussey
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
franknolan@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com
alexanderbussey@eversheds-sutherland.com

Ian N. Jones
Claire Scavone
**EVERSHEDS SUTHERLAND (US) LLP**
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
Telephone: (404) 853-8000
ianjones@eversheds-sutherland.com
clairescavone@eversheds-sutherland.com

*Counsel for TruStage Financial Group. Inc.*

Todd G. Smith
Zachary R. Willenbrink
Nathan Watson
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
Madison, WI 53701-2719
Telephone: (212) 389-5000
tsmith@gklaw.com
zwillenbrink@gklaw.com
nwatson@gklaw.com

*Counsel for TruStage Financial Group, Inc.*

*/s/ Christopher J. Valente*
Christopher J. Valente
**K&L GATES LLP**
One Congress Street, Suite 2900
Boston, MA 02114
Tel.: (617) 261-3100
E-mail: christopher.valente@klgates.com

*Attorney for Defendant Align Credit Union*

**CERTIFICATE OF SERVICE**

I, Nickolas J. Hagman, the undersigned, certify that on September 15, 2026, a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system.

*/s/ Nickolas J. Hagman*